Jennie S. Rose, Administratrix, etc., Respondent, *v.* The Boston and Albany Railroad Company, Appellant.

Obedience to the regulations of a railroad company in regard to the running of its trains, with a view to their safety, is matter of executive detail which neither the corporation nor any general agent of it can personally oversee, but as to which employes must be relied upon; and in the absence of any proof of a distinction between the duty of the company in starting trains and in subsequently running them, it will not be assumed. For negligence, therefore, in the observance, or for disobedience of regulations as to the running or starting of trains to the injury of an employe, in the absence of other proof of negligence, the corporation is not liable.

In consequence of the starting of several trains upon defendant's road too closely together, a collision occurred occasioning the death of plaintiff's intestate, a brakeman upon one of the trains. Upon the trial the time table was not produced and no evidence was given as to any regulations of the company in regard to starting the trains, or by what or whose authority the trains started; nor did it appear that any agent or officer was intrusted with any general authority or discretion upon the subject. *Held*, that plaintiff had failed to establish negligence on the part of defendant, as it might have prescribed proper and safe rules which were violated by a fellow-servant with the deceased, and in the absence of proof to the contrary this was to be presumed; and that, therefore, a refusal to nonsuit was error.

Also, *held*, that a refusal of the court to charge that plaintiff could not recover if the deceased knew that trains were sent out with seventeen or more cars and only two brakemen, and he had always gone on such trains, was not error, as it did not appear that deceased had any knowledge that the train which preceded his own on the morning in question had only two brakemen, or that the accident happened because of there being but two.

*Flike* v. *The B. and A. R. R. Co.* (53 N. Y., 533) distinguished.

(Argued May 28, 1874; decided September 22, 1874.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, in favor of plaintiff, entered upon an order denying a motion for new trial and directing judgment upon a verdict.

This action was brought to recover damages for the death of plaintiff's intestate alleged to have been occasioned by the negligence of defendant.

The deceased was a brakeman in the employ of defendant. The train on which he was employed (a freight train) left East Albany about four and a half o'clock in the morning the 4th day of December, 1871. It was before light and a foggy, misty and wet morning. In Rose's train there were twelve cars .and two brakemen besides the conductor. Another freight train had been sent out three or four minutes before the train Rose was on and a third train was sent out three or four minutes behind the second, or Rose's train. The first train consisted of seventeen or eighteen cars and had two brakemen besides the conductor. When this train had got near or opposite the station at Schodack it broke in two by the giving way of a pin or shackle. Eleven cars were detached. Upon those eleven cars there was one brakeman, and while he was setting the brakes the other or second train ran into them and Rose was injured so that he died three days thereafter. Evidence was given that the usual and necessary number of brakemen for a train of seventeen cars was three; that it was common for trains to break in two; that such trains, however, frequently went out with two brakemen and that Rose had gone on such trains. At the close of the evidence defendant's counsel moved for a nonsuit, which was denied, and said counsel duly excepted. Defendant's counsel requested the court to charge, "that if deceased knew that trains were often sent out with seventeen or more cars and only two brakemen, and had always gone on such trains with only two brakemen, that plaintiff cannot recover, even if the injury or death was caused by the absence of one brakeman." The court declined so to charge, but submitted the question to the jury. Exceptions were ordered to be heard at first instance at General Term.

*Geo. W. Miller* for the appellant. The judge erred in refusing to charge the jury that if the deceased's death was caused by the train being sent out with but two brakemen instead of three, and he had been in the habit of going on such trains, plaintiff could not recover. (*Laning* v. *N. Y. C. R. R. Co.,*

49 N. Y., 534.)    The exceptions to the admission of evidence were well taken.    (*Teal* v. *Barton*, 40 Barb., 137 ; *Keller* v. *N. Y. C. R. R. Co.*, 24 How., 184.)

*Matthew Hale* for the respondent.    The motion for a non-suit was properly denied.    (*Flike* v. *B. and A. R. R. Co.*, 53 N. Y., 549, 553, 554, 555 ; *Laning* v. *N. Y. C. R. R. Co.*, 49 id., 532 ; 2 Lans., 506, 514.)    It was not error to refuse to charge upon a hypothesis not warranted by the evidence.    (3 Gr. & W. on N. T., 828 ; *Rushmore* v. *Hall*, 12 Abb., 420 ; *Doughty* v. *Hope*, 3 Den., 594, 599 ; *Hope* v. *Lawrence*, 50 Barb., 258 ; *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y., 521, 534, 537.)

Johnson, J.    In the case of *Flike* v. *Boston and Albany Railroad Company* (53 N. Y., 553) the chief judge, in discussing the limit of corporate liability for injuries, occasioned through negligence, to the servants or employes of the corporation, affirms that " the true rule is to hold the corporation liable for negligence or want of proper care in respect to such acts or duties as it is required to perform and discharge as master or principal without regard to the rank or title of the agent intrusted with their performance.    As to such acts the agent occupies the place of the corporation, and the latter should be deemed present, and, consequently, liable for the manner in which they are performed."    To this extent the cases of *Laning* v. *New York Central Railroad Company* (49 N. Y., 521) and *Brickner* v. *Same* (id., 672) are adjudications affirming the doctrine stated.    Some members of the court dissented from the judgment in the *Flike* case who had assented to the decisions in the other cases mentioned. Their dissent related to the extent to which the doctrine in question ought to be carried, they being of opinion that the particular negligence involved in that case was not to be attributed to the corporation.    That negligence consisted in starting the train without a third brakeman, and it was held to be properly attributable to the company, notwithstanding it

had employed a competent general agent to superintend the business of dispatching trains; and he had employed a third brakeman who failed to be upon the train. The general result, then, of these cases in which all the judges were agreed is, that there are certain functions which a railroad corporation is bound to discharge, even in respect to its employes, and that for a neglect of any such function it is liable to an employe sustaining injury without fault of his own. This responsibility is irrespective of the agency by which the company practically undertakes to perform these duties. Whether the managing board directly assumes them or whether it interposes agents of one or more grades of authority, the responsibility of the company remains. This class of responsibility cannot be evaded or cast off. On the other hand its responsibility may be extended to other particulars by the direct exercise of the authority of its managing body or, perhaps, of its general agents: as if its board of directors should, by formal resolution, order an act to be done without sufficient exercise of care and knowledge of the risks involved and injury should, consequently, result. To this class of cases belongs *Ashworth* v. *Stanwix et al.* (3 Ellis & Ellis, 701), in which it was held, that though the master is not liable for an injury received by his servant, through the negligence of a fellow-servant, yet, that he is liable for his own negligence while himself acting as a fellow workman with the injured servant. The negligence of fellow servants is a hazard inherent in the business, and it is to be borne by the servant; but negligence of the master imposes upon the master the liability to answer for consequent injuries to his servant.

In the case before us it appeared in proof that the train on which the plaintiff's intestate was a brakeman went out within three or four minutes after another train, and was itself followed by a third train, at about the same distance of time. The injury which resulted in the death of the plaintiff's intestate was the consequence, as the jury have found and as they might rightfully find from the evidence,

of those trains being sent out so near together. By what direction they started so nearly at the same time does not appear. All the proof that relates to the point is contained in the single phrase of one of the witnesses, who, speaking not of the time of the accident but of the time of his testifying, says: "The head conductor who has charge of sending out trains is Mr. Rockefeller." What charge Rockefeller had is not shown, nor whether he, in fact, dispatched the trains in question. It does not appear whether he was intrusted with any discretion upon the subject of starting trains, or whether any regulations on the subject, either by a prescribed time table or otherwise, had been made by the company. But it is obvious that the company may have prescribed proper and safe rules in respect to the starting of these trains, and that those rules may have been disregarded by the persons who actually started these trains so near each other. It may be conceded that it is the duty of a railroad corporation to prescribe, either by means of time tables or by other suitable modes, regulations for running their trains with a view to their safety; but it is obvious that obedience to these regulations must be intrusted to the employes having charge of the trains. Such obedience is matter of executive detail which, in the nature of things, no corporation or any general agent of a corporation can personally oversee, and as. to which employes must be relied upon. In *Wright* v. *New York Central Railroad Co.* (25 N. Y., 568) it was sought to support the judgment then under review on the ground of the improper arrangement of the time tables at the point where the collision took place. The court, however, held that the time tables were not in fault, but that the collision grew out of the carelessness of the employes in running the train not in conformity with the time tables; and that the fault was therefore to be regarded as that of a fellow servant, and that the defendants were not responsible. Nothing appears in the evidence indicating that any distinction exists between the duty of the company in starting trains and in subsequently running them. In the absence, .

therefore, of any such proof, and of any proof showing negligence in this respect on the part of the defendants, the case must be determined by ascertaining on which party the burden of proof rests. Now, it is the duty of the plaintiff, as part of her case, to make out all the circumstances necessary to her recovery. Negligence on the part of the defendant must be shown; that of a fellow-servant is not enough. The accident in this case may have been caused by the negligence either of the defendant or of a fellow-servant. It was the business of the plaintiff to have shown affirmatively that the fault was that of the defendant. Having failed to do so, the defendant was entitled to a decision in his favor on the motion for a nonsuit.

It being quite possible that on another trial this difficulty may be obviated, it seems proper to add that the defendant was not entitled to the charge requested, that the plaintiff could not recover if the deceased knew that trains were often sent out with seventeen or more cars and only two brakemen, and had always gone on such trains with only two brakemen. It did not appear that the deceased had any knowledge that the train which preceded his on the morning in question had only two brakemen, nor that the accident was occasioned by there being but two brakemen on that train. The judge, at the trial, submitted it to the jury, which was certainly all that the defendant could claim. The other points made require no discussion; but on the first ground considered there must be a new trial.

The judgment should be reversed and new trial ordered, costs to abide the event.

All concur.

Judgment reversed.