MICHAEL CORCORAN, Respondent, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

In an action by plaintiff, a car repairer in defendant's employ, to recover damages for injuries received while working under one of its disabled cars, it appeared that defendant's assistant yardmaster, who had charge of the switch engine and the handling of cars in the yard, switched upon the track, on which the disabled car stood, another car which, coming into collision with the former, caused the damages complained

of. The rules of defendant provided that car repairers must see that they are protected by a red flag when under and between the cars, on perceiving which the engineer must immediately stop his train before passing it. It was also provided that: "All employes of the company are expected and required in all cases to exercise the greatest care and watchfulness to prevent injury or damage to person or property. * * * In all cases of doubt to adopt the safe course." Every employe was required to acquaint himself with the rules and directions and have a copy of them in his possession. The rules were printed on the backs of time tables, which were kept for distribution among the employes at all points; plaintiff knew the custom and regulation in regard to hanging out a red flag and observed it. *Held,* that there was no proof of neglect on the part of defendant to make and promulgate suitable rules for the information and government of its employes; and that the submission of that question to the jury was error.

Also *held,* that plaintiff's injuries were caused by the negligence of a co-servant, and so he was not entitled to recover.

(Argued April 21, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo, entered upon an order made January 15, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The following is the opinion in full:

"The plaintiff, while in the service of the defendant, was injured in consequence of an accident which happened on the 13th of July, 1889, in the defendant's yard in Buffalo. He had been in defendant's employ from December previous, and his duty was to repair crippled or defective cars. On the day of the accident the plaintiff and another car repairer were at work under a broken car on track No. 3, one of the tracks in the yard set apart for such repairs. One Van Ness, an assistant yardmaster in the defendant's employment, had charge of the switch engine and the handling of cars in the yard where the plaintiff was at work. He had nothing to do with the repairing of cars, but simply with the movement and shifting of the cars in the making up and distribution of trains and in placing injured or crippled cars on the track where the repairing was done. The car under which the plaintiff was at work repairing, was about two hundred feet west of the switch and with no other car to the east between it and the switch.

West of the car the track upon which it was standing was occupied with cars, except there was a space not quite the length of a car between these standing cars and the one under which the plaintiff was at work.   Whatever danger there was to the plaintiff, while at work under the car, was to come from the east, as that was the direction in which the switch was located.   The plaintiff and the other car repairer first worked on the east end of the car or the end nearest the switch.   Having finished there, they went to work on the west end, first hanging out the usual red flag upon the east end of the car, so as to guard against danger from the direction of the switch. While they were thus working at the repairs, under the west end, Van Ness carelessly directed a car to be let in upon the track, where they were at work, which struck the car under which plaintiff was, thus causing the injuries complained of. It appeared that during the time the plaintiff was in the employment of defendant it was customary with the car repairers, when at work under cars, to hang out a red flag, which was the signal of danger, in order to protect themselves and to prevent other cars from coming in contact with the car which was being repaired.   That Van Ness, the assistant yard-master, was guilty of negligence in moving the cars in upon track No. 3, and thus causing the injury to the plaintiff, is conceded. That he was a co-servant with the plaintiff in the employment of the defendant is undisputed.   The plaintiff's case is put entirely in the complaint and on the argument in this court upon the alleged neglect of the defendant to adopt and promulgate suitable and proper rules for the government and protection of its employes.   The law imposed upon the defendant the duty to its employes of diligence and care, not only in furnishing proper and reasonably safe appliances and machinery, and skillful and careful co-employes, but also of making and promulgating rules which, if faithfully observed, would give to them reasonable protection from injury.   (*Abel* v. *D. & H. C. Co.*, 103 N. Y. 581; *Slater* v. *Jewett*, 85 id. 61; *Besel* v. *N. Y. C. & H. R. R. R. Co.*, 70 id. 171; *Sheehan* v. *N. Y. C. & H. R. R. R. Co.*, 91 id. 339; *Dana* v. *N. Y. C. & H. R. R. R. Co.*, 92 id. 639.)

" But we are of the opinion that, upon the undisputed evi-

dence in this case, there was a substantial and reasonable compliance with this rule on the part of the defendant. The rules of the company, in force at the time of the accident, were given in evidence. One of them provided that 'men repairing cars must see for themselves that they are protected by a flag when under and between the cars ;' another that 'a red flag by day, red light or fire on the track by night, indicates danger ; on perceiving such the engineer shall immediately stop his train before passing such signal.' Rule No. 2, specially referring to the servants of the defendant, was in this language : ' All employes of the company are expected and required, in all cases, to exercise the greatest care and watchfulness to prevent injury or damage to person or property. Vigilance. and watchfulness insure safety. In all cases of doubt adopt the safe course.' Rule 64 provided as follows : ' Every employe must acquaint himself with these rules and directions and keep a copy of them in his possession. New rules are made from time to time as occasion requires. Notice of them is given on the bulletin boards of the company at Buffalo, East Buffalo, Elmira and Binghamton. Employes must keep themselves informed of new rules by examining these bulletin boards.' It was shown that the rules were printed on the back of the time tables and were kept for distribution at all points where the men could get them. They were kept for distribution in the office of the master mechanic and yardmaster at East Buffalo where the plaintiff was at work.' That the plaintiff knew the custom and regulation to hang out a red flag from a car which was undergoing repairs, and that he observed it on the occasion of the accident, is clear. It is also undisputed that Van Ness, the person who had charge of the engine and the movement of the cars, knew that the plaintiff was engaged in repairing the car as he pointed it out to the plaintiff and directed the repairs to be made. The trial court, under the defendant's exception, submitted to the jury the question as to the sufficiency of the rules. The only suggestion made as to their insufficiency is that they did not, in terms, prohibit Van Ness or the other co-servants of plaintiff, from moving other cars upon the one from which the red flag was shown and under which the plaintiff was. This idea, however, was neces-

sarily included in the regulation which required a red flag to be hung out from a car in process of repair and the rule must have been so understood by any person of common intelligence. It is not suggested that Van Ness was ignorant of the meaning of the signal. The rule would not be any more effective to prevent the accident, or more likely to insure observance, had it been followed by a provision, in express words, forbidding the employes from moving cars against or in the direction of another car from which a flag was exhibited. We think that there was no proof of neglect on the part of the defendant to make and promulgate suitable and proper rules for the information and government of its employes, to warrant the submission of the case to the jury. The accident was caused by the carelessness of Van Ness, a co-servant, in having the switch open and letting in the other cars upon the track where the plaintiff was at work, and not by any omission of duty on the part of the defendant to make and promulgate proper rules, and for his negligence, it is conceded, that the defendant is not liable. The defendant's counsel requested the court to charge ' that if the cause of the accident was the act of Van Ness, knowing that the plaintiff had gone to this car to repair it, in having the switch opened and letting the other car come in contact with the car under which the plaintiff was working, that the plaintiff cannot recover.' The court declined so to charge and the defendant's counsel excepted. If the carelessness of a co-servant was the sole cause of the accident then, clearly, there could be no recovery. The request embodied this rule and it had a direct application to the facts of the case, and we think it was error to refuse to so instruct the jury. There are two or three other rulings of the learned trial judge, upon requests to charge, that would be difficult to sustain and, at least, one exception to the charge as made, that presents a serious question, but as there must be a new trial for the reasons stated, it is unnecessary to further consider them.

" The judgment should be reversed and a new trial granted, costs to abide the event."

*John G. Milburn* for appellant.

*George W. Cothran* for respondent.

O'BRIEN, J., reads for reversal and new trial.
All concur.
Judgment reversed. _____