The plaintiff's intestate at the time of the accident which caused his death, was engaged in his duty of inspecting cars upon a track of the defendant in the city of New York, used in part for the storing of cars awaiting inspection. While he was engaged in this business other employees of the defendant, under the direction of a yardmaster, were engaged in drawing out cars from another track, two or three at a time, and shunting them on to the track on which the cars stood which were being inspected by the intestate. The inspection was made by two inspectors, one passing on each side of the cars and making the necessary observations. The intestate and his co-employee discovered that one of the bumpers between the first and second cars from the end of the line in the direction from which the shunted cars came was out of order, and the intestate passed between the two cars and stood between the bumpers with a memorandum book in his hand. At that moment two cars were shunted upon the track and collided with the cars which were being inspected by the intestate, and he was crushed between the bumpers and soon afterwards died. The complaint charges that it was the duty of the defendant "to have flagmen upon the freight cars attached to the engine when in motion to signal to the operator of the engine of any obstruction," and the failure to perform this duty is made by the complaint the gravamen of the action.
The proof took a somewhat wider scope, and it was claimed on the trial that proper and reasonable care required that *Page 80 
there should have been a brakeman on the shunted cars to control their motion when detached from the engine. Upon the issue whether there was a brakeman on the two shunted cars, the only evidence on the point on the part of the plaintiff was given by the co-employee of the intestate, who testified that he was thrown down by the collision, and that as soon as he got up he looked to see if any brakeman was on the top of the cars which collided with the stationary cars, and that "there was no brakeman there." On the part of the defendant three witnesses, two of them employees of the defendant and one a stranger, testified that there was a brakeman on the two running cars at the time of the collision. When the plaintiff rested the defendant moved for a nonsuit on the ground that no cause of action had been proven against the defendant, and that the negligence (if any) was that of the intestate or of a co-servant, and the motion was denied. It was repeated at the conclusion of the whole evidence and the motion was again denied, and to the denial of each motion exception was duly taken by the defendant. The jury found a verdict for the plaintiff for $5,000.
We think the motion made on the whole case should have been granted, for the reason that the evidence did not disclose any omission of duty by the defendant, which, under the law of master and servant, made it responsible for the negligence which caused the death of the intestate. That the shunting of the two cars upon the track on which the intestate was engaged in discharging the duty of inspector, and permitting them to come in contact with the stationary cars, was gross negligence, seems to admit of no doubt. It is assumed that if there had been a brakeman upon the moving cars, and he had discharged his duty, the collision might have been prevented. While the preponderance of evidence supports the claim of the defendant that there was a brakeman on the cars, there was probably sufficient in the evidence given in behalf of the plaintiff to require the submission of the question to the jury, and it was found by the jury in favor of the contention of the plaintiff. *Page 81 
Assuming, therefore, that there was no brakeman on the shunted cars, the question arises whether this negligence was that of the master or of a co-servant of the intestate. If solely the negligence of a co-servant, the master is not responsible, unless it was the master's duty not only to provide competent and sufficient servants to perform the work of shunting the cars, and to establish proper regulations for the conduct of the business, but also to see to it that the servants employed as brakemen or otherwise should be at their posts. It is not claimed that the defendant had failed to employ sufficient and competent servants, including brakemen, to do their work of shifting the cars, or that they were not present in the yard and engaged about the business at and prior to the time of the accident. Nor is it claimed that proper regulations had not been established defining the duties of employees and for the management of the business of the yard. The burden of showing an omission of duty in these respects, if any existed, was upon the plaintiff, and in the absence of any evidence to the contrary, the presumption is that competent and sufficient servants were employed, and proper regulations for the management of the business had been established. (Rose v. R.R. Co., 58 N.Y. 217.)
We think the master's duty was fully discharged in this case when these things had been done, and that the failure of the brakeman to be at his post was the negligence of a co-servant of the intestate, for which the master is not responsible. In theFlike case (53 N.Y. 549) it was held that it was the duty of a railroad company to man its trains with a sufficient number of brakemen, and that sending out a train with an insufficient number was a violation of the master's duty, and that it was no excuse for a failure to have a sufficient number on the train, that the company employed a sufficient number, and that one of the brakemen so employed had overslept himself, and for that reason did not appear. In this case the casualty resulted from the negligent omission of the brakeman to take his proper position on the top of the moving cars. If in the Flike case the accident had been occasioned by *Page 82 
the brakeman's negligence in not keeping a proper lookout, or by his going inside the car when he should have been on the outside, a different question would have been presented In the case ofRose v. R.R. (supra), the negligent act of a train dispatcher in starting trains too near each other, by reason of which the plaintiff's intestate, a brakeman, was killed, was held not to be the negligence of the master, in the absence of proof that the company had omitted to make suitable regulations for the dispatching of trains. It is quite obvious that the work of shifting cars in a railroad yard must be left in a great measure to the judgment and discretion of the servants of the railroad who are intrusted with the management of the yard. The details must be left to them, and all that the company can do for the protection of its employees is to provide competent co-servants and prescribe such regulations as experience shows may be best calculated to secure their safety. The case of Besel v. R.R. (70 N.Y. 171) strongly supports the conclusion we have reached in this case, that the negligence which occasioned the death of the plaintiff's intestate is not imputable to the defendant. If the case of Murphy v. R.R. (118 N.Y. 527) can be construed as holding an adverse view, we think it is opposed to the principle of former decisions. The claim that the defendant's counsel on the trial assented that the liability of the defendant should depend on the determination by the jury of the fact whether a brakeman was on the moving cars, is, we think, unfounded. The absence of the brakeman was the sole ground of liability alleged in the complaint. The defendant's requests were intended to draw the attention of the court in the first place to this situation, and having confined the case of the plaintiff to this issue he subsequently asked the court to instruct the jury that although there was no brakeman on the car, yet the plaintiff could not recover. In this there was no inconsistency.
We think the judgment should be reversed and a new trial ordered.
All concur.
Judgment reversed. *Page 83