WILLIAM A. DRAKE, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*Legal presumption that a railroad company furnishes sufficient lights and competent employees — declaration of a brakeman — violation of rules — liability of the company for injuries sustained by an employee.*

Where, upon the trial of an action brought against a railroad company, the only evidence that the defendant failed to furnish sufficient and suitable lamps, was the testimony of the plaintiff as to the declaration of the defendant's brakeman to that effect, the burden of proving the contrary is not thereby cast upon the defendant, nor is the legal presumption that competent and sufficient servants were employed by the railroad corporation overcome.

Where a railroad corporation adopts adequate rules governing the conduct of its employees, if an employee is injured by the failure of his co-employee to observe such rules, the injury results from the negligence of his co-employee, for which the employer is not liable.

APPEAL by the plaintiff, William A. Drake, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Schenectady on the 29th day of January, 1894, upon the dismissal of the complaint directed by the court after a trial at the Schenectady Circuit before the court and a jury.

*E. F. Bullard*, for the appellant.

*Hamilton Harris*, for the respondent.

MAYHAM, P. J.:

There was no evidence in this case of negligence on the part of the defendant which would justify the submission of that question to the jury.

The only evidence relied upon by the plaintiff to establish the fact that the defendant failed to furnish sufficient and suitable lamps, was the testimony of the plaintiff of the declaration of the defendant's brakeman. That was clearly hearsay and amounted to no proof of the fact, and cast no burden upon the defendant of proving the contrary or negativing that unsworn statement. It did not overcome the legal presumption that competent and sufficient servants were employed by the defendant. (*Potter* v. *N. Y. C. & H. R. R. R. Co.*, 136 N. Y. 77.)

Nor does the testimony of the plaintiff, that he saw no light and heard no torpedoes explode, overcome that presumption. The company had furnished adequate rules governing the conduct of its employees, and if the co-employees of the plaintiff failed in the observance of those rules, and the plaintiff was injured for want of such observance, it was the consequence of the negligence of the co-employees, for which the defendant is not liable.

There was, therefore, nothing to be submitted to the jury, and the learned trial judge properly dismissed the plaintiff's complaint.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.