## BRUEN v. UHLMANN.

(Supreme Court, Appellate Division, Second Department.   May 24, 1898.)

1. ELEVATED RAILROADS—MASTER AND SERVANT—NEGLIGENCE OF INTESTATE.
    Plaintiff's intestate was a track repairer on defendant's elevated railroad.
    While at work on the tracks, he was killed by a slowly moving engine, as it
    turned a curve.   It appeared that the rules of the company required work-
    men repairing the tracks to place a green flag at a reasonable distance from
    the point where working, and that the engineer and fireman should observe
    such signals; that intestate knew of, and had used, such flags, but failed to
    take any on the day of the accident; that he was an experienced repairer,
    having been employed on the line for over six years.   *Held* to show such
    negligence on intestate's part as to defeat recovery.

2. SAME—CO-EMPLOYES—RULES OF COMPANY.
    Where a company furnishes adequate rules governing the conduct of its
    employés, and an employé is injured by failure of his co-employés to observe
    such rules, the company is not liable.

Appeal from trial term, Kings county.

Action by Jensine Bruen, as administratrix of the estate of Ed-
ward Bruen, deceased, against Frederick Uhlmann, as receiver of
the Brooklyn Elevated Railroad Company.   From a judgment for
defendant dismissing the complaint, at close of plaintiff's evidence,
plaintiff appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH,
and WOODWARD, JJ.

Thomas C. Jenks, for appellant.
George W. Wingate, for respondent.

WOODWARD, J.   Plaintiff's intestate was engaged as a track
repairer by the defendant.   While at work upon the elevated tracks
of the Brooklyn Elevated Railroad Company, near the junction of
Myrtle and Hudson avenues on the 18th day of June, 1897, deceased
was struck by an engine of the defendant, moving tank foremost, and
killed.   The evidence showed that the rules of the company re-
quired that workmen engaged in repairing the tracks should place a
green flag a reasonable distance from the point at which such labor
was being performed, and that the engineer and fireman should keep
a lookout for such signals, upon the discovery of which the engineer
should reduce the speed of the train, and, if necessary, stop until he
should be signaled by the workmen to proceed.   The plaintiff's own
evidence showed that while the defendant had provided these sig-
nal flags, and the attention of the deceased had been called to them
by their use on other occasions, the deceased had, on the day of the
accident, gone to work upon this obviously dangerous portion of the
road without such signals, and there was nothing to indicate to the
engineer of the defendant's engine that the track was not clear.   The
point at which the accident occurred is where two lines of elevated
road merge into one, and the engine, in passing from Myrtle avenue
into Hudson avenue, makes a short turn, the track being visible only
a short distance in front of the engine.   Trains on the Hudson ave-
nue line were running on six minutes headway, and on the Myrtle
avenue line much oftener; so that 78 trains an hour, going one way

or the other, pass the switch tower at or near the point where the deceased was at work.     He was an experienced track repairer, having been employed upon this line of railroad for six years; and he must be presumed to have been familiar with the risks incident to his employment, and to have accepted such employment subject to such risks.     Instead of taking the precautions which the rules of the company demanded, and which the peculiarly dangerous locality suggested, the deceased, with a companion, on the day of the accident, was engaged in drilling holes in the rails, and was sitting upon the track with his back to the approaching engine.     A train had just passed, and the engine, which was the cause of the accident, was following something over 100 feet behind.     Without taking the precaution to look, and relying probably upon the usual passage of six minutes time between trains, the deceased resumed his labors, and was struck and killed by the approaching engine, which was moving slowly around the curve.

It is contended by the plaintiff that, since the object of the green flags was to cause the engine to move slowly, the fact that the engine was not proceeding at a higher speed than three or four miles an hour accomplished the object sought to be reached, and the absence of the flags did not affect the question of negligence; but this is obviously untenable.     The object of the green flags was not only to command the engineer to proceed slowly, but to call his attention to the fact that there was need of caution, and, if necessary, to stop and ascertain the reason for the signal.     The trial court was justified, beyond all question, in dismissing the complaint.     The evidence of the plaintiff not only failed to show absence of contributory negligence, but it affirmatively established a degree of negligence on the part of the deceased which must defeat recovery.     It is a well-established rule that the degree of care must be commensurate with the danger; and if the deceased, familiar, as he was, with the dangerous situation in which he was placed, chose to neglect the precautions prescribed by the rules of the defendant, and which, if they had been observed, were entirely adequate to protect him, there is no rule of law which will permit the defendant to be charged with damages because of his death.     Nor would this rule be changed if it should be established that the engineer and fireman were negligent in not constantly keeping a watch ahead.

As was said in the case of Drake v. Railroad Co., 80 Hun, 490, 30 N. Y. Supp. 671:

"The company had furnished adequate rules governing the conduct of its employés, and if the co-employés of the plaintiff failed in the observance of those rules, and the plaintiff was injured for want of such observance, it was the consequence of the negligence of the co-employés, for which the defendant is not liable."

"It is a complete answer to the claim of negligence in these respects," say the court in the case of Anthony v. Leeret, 105 N. Y. 591, 12 N. E. 561, "that the plaintiff had full knowledge of the situation and of the arrangements for the protection of persons using the passageway, and that, by continuing in the employment, he assumed the risks and hazards incident to the situation, and especially such hazards as might result from the nonobservance by co-employés of directions designed for the protection of persons using the passageway. The dangers to which the plaintiff was exposed were known and obvious. It is not

the case where an inexperienced or uninstructed employé may know the facts, but may be incapable of drawing the proper inferences or appreciating the dangers. The plaintiff was as fully competent to understand the risks from the location of the trapdoor and its use, and from negligent conduct of persons employed in the planing room, as were the defendants. * * * The general rule that the servant takes the risk of obvious dangers connected with his employment has been so fully considered in recent cases that further discussion is unnecessary."

See Huda v. Glucose Co., 154 N. Y. 474, 48 N. E. 897; Collins v. Car Co. (N. H.) 38 Atl. 1047.

If this is the rule where the neglect is on the part of the co-servant, it is absurd to contend that the defendant is any way liable where the accident is due to the neglect of the employé himself of those rules and regulations adopted for his own safety, and of that degree of prudence which the obvious danger of the employment demands. In the case at bar the deceased had been employed in a similar capacity for a period of six years. He was familiar with the methods of running engines and trains, and the danger to which he was exposed was as obvious to him as to any other person. The defendant had not only provided rules to insure his safety, but had supplied the flags which it was necessary to display to give warning to the engineer that he must not only proceed slowly, but with caution. Having neglected to display these flags, he assumed the hazards incident to the employment in the presence of such neglect, and the defendant cannot be charged with damages under such circumstances.

The judgment of the trial court is affirmed, with costs. All concur.