Judgment reversed, and new trial granted, costs to abide the event.

JENSINE BRUEN, as Administratrix, etc., of EDWARD BRUEN, Deceased, Appellant, *v.* FREDERICK UHLMANN, as Receiver of the BROOKLYN ELEVATED RAILROAD COMPANY, Respondent.

*Negligence — failure of an employee of a railroad to place a danger signal, as required by its rules, at a point where he was at work.*

An experienced track repairer, who had been employed for six years on a railroad, the rules of which required the workmen engaged in repairing the tracks to place a green flag at a reasonable distance from the point at which such labor was being performed, and that the engineer and fireman should keep a lookout for such signals, upon the discovery of which the engineer should reduce the speed of the train and, if necessary, stop, until he should be signalled by the workmen to proceed, without having placed such signals (although they were provided by the company, and his attention had been called to them by their use on other occasions), proceeded to work, with his back to an approaching engine, upon an obviously dangerous portion of the railroad where there was nothing to indicate to the engineer that the track was not clear, and was struck and killed.

In an action brought by his administratrix against the railroad corporation to recover for such injuries, in which the above facts appeared, it was

*Held*, that the complaint was properly dismissed, as the evidence not only failed to show the absence of contributory negligence on the part of the intestate, but affirmatively established a degree of negligence on his part, which must defeat a recovery;

That the fact that the engineer or fireman might have been negligent in not constantly looking ahead of the engine did not change the position of the plaintiff in this respect.

APPEAL by the plaintiff, Jensine Bruen, as administratrix, etc., of Edward Bruen, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 27th day of November, 1897, upon

the dismissal of the complaint by direction of the court after a trial at the Kings County Trial Term.

*Thomas C. Jenks*, for the appellant.

*George W. Wingate*, for the respondent.

WOODWARD, J.:

Plaintiff's intestate was engaged as a track repairer by the defendant. While at work upon the elevated tracks of the Brooklyn Elevated Railroad Company, near the junction of Myrtle and Hudson avenues, on the 18th day of June, 1897, deceased was struck by an engine of the defendant, moving tank foremost, and killed. The evidence showed that the rules of the company required that workmen engaged in repairing the tracks should place a green flag a reasonable distance from the point at which such labor was being performed, and that the engineer and fireman should keep a lookout for such signals, upon the discovery of which the engineer should reduce the speed of the train, and, if necessary, stop until he should be signaled by the workmen to proceed. The plaintiff's own evidence showed that while the defendant had provided these signal flags, and the attention of the deceased had been called to them by their use on other occasions, the deceased had, on the day of the accident, gone to work upon this obviously dangerous portion of the road without such signals, and there was nothing to indicate to the engineer of the defendant's engine that the track was not clear. The point at which the accident occurred is where two lines of elevated road merge into one, and the engine, in passing from Myrtle avenue into Hudson avenue, makes a sharp turn, the track being visible only a short distance in front of the engine. Trains on the Hudson avenue line were running on six minutes headway, and on the Myrtle avenue line much oftener, so that seventy-eight trains an hour, going one way or the other, pass the switch tower at or near the point where the deceased was at work. He was an experienced track repairer, having been employed upon this line of railroad for six years; and he must be presumed to have been familiar with the risks incident to his employment, and to have accepted such employment subject to such risks. Instead of taking the precautions which the rules of the company demanded, and which the peculiarly

dangerous locality suggested, the deceased, with a companion, on the day of the accident was engaged in drilling holes in the rails, and was sitting upon the track, with his back to the approaching engine. A train had just passed, and the engine, which was the cause of the accident, was following something over 100 feet behind. Without taking the precaution to look, and relying probably upon the usual passage of six minutes' time between trains, the deceased resumed his labors and was struck and killed by the approaching engine, which was moving slowly around the curve.

It is contended by the plaintiff that the object of the green flags being to cause the engine to move slowly, the fact that the engine was not proceeding at a higher speed than three or four miles an hour, showed that the object sought to be accomplished was reached, and the absence of the flags did not affect the question of negligence; but this is obviously untenable. The object of the green flags was not only to command the engineer to proceed slowly, but to call his attention to the fact that there was need of caution, and, if necessary, to cause him to stop and ascertain the reason for the signal. The trial court was justified, beyond all question, in dismissing the complaint. The evidence of the plaintiff not only failed to show absence of contributory negligence, but it affirmatively established a degree of negligence on the part of the deceased which must defeat recovery. It is a well-established rule that the degree of care must be commensurate with the danger; and if the deceased, familiar as he was with the dangerous situation in which he was placed, chose to neglect the precautions prescribed by the rules of the defendant, which, if they had been observed, were entirely adequate to protect him, there is no rule of law which will permit the defendant to be charged with damages because of his death. Nor would this rule be changed if it should be established that the engineer and fireman were negligent in not constantly keeping a watch ahead. As was said in the case of *Drake* v. *N. Y. C. & H. R. R. R. Co.* (80 Hun, 490), " The company had furnished adequate rules governing the conduct of its employees; and if the co-employees of the plaintiff failed in the observance of those rules, and the plaintiff was injured for want of such observance, it was the consequence of the negligence of the co-employees, for which the defendant is not liable."

" It is a complete answer to the claim of negligence in these

respects," say the court, in the case of *Anthony* v. *Leeret* (105 N. Y. 591), "that the plaintiff had *full knowledge of the situation* and of the arrangements for the protection of persons using the passageway, and that by continuing in the employment he assumed the risks and hazards incident to the situation, *and especially such hazards as might result from the non-observance by co-employees of directions designed for the protection of persons using the passageway.* The dangers to which the plaintiff was exposed were *known and obvious.* It is not the case where an inexperienced or uninstructed employee may know the facts, but may be incapable of drawing the proper inferences or appreciating the dangers. The plaintiff was as fully competent to understand the risks from the location of the trap door and its use, and from negligent conduct of persons employed in the planing room, as were the defendants. *    *    *    The general rule that the servant takes the risk of obvious dangers connected with his employment has been so fully considered in recent cases that further discussion is unnecessary." (See *Huda* v. *American Glucose Co.*, 154 N. Y. 474; *Collins* v. *Laconia Car Co.*, 38 Atl. Rep. 1047.) If this is the rule where the neglect is on the part of the co-servant, it is absurd to contend that the defendant is any way liable where the accident is due to the neglect of the employee himself of those rules and regulations adopted for his own safety, and of that degree of prudence which the obvious danger of the employment demands. In the case at bar the deceased had been employed in a similar capacity for a period of six years; he was familiar with the methods of running engines and trains, and the danger to which he was exposed was as obvious to him as to any other person. The defendant had not only provided rules to insure his safety, but had supplied the flags, which it was necessary to display, to give warning to the engineer that he must not only proceed slowly, but with caution. Having neglected to display these flags, he assumed the hazards incident to the employment in the presence of such neglect, and the defendant cannot be charged with damages under such circumstances.

The judgment of the trial court is affirmed, with costs.

CULLEN, J., not sitting.

Judgment unanimously affirmed, with costs.