## BRUEN v. UHLMANN.

(Supreme Court, Appellate Division, Second Department.    October 10, 1899.)

1. ELEVATED RAILROADS—MASTER AND SERVANT—NEGLIGENCE OF INTESTATE.
    Plaintiff's intestate was a track repairer on defendant's elevated rail-
    road.    While at work on the tracks, he was killed by a slowly-moving en-
    gine as it turned a curve.    The rules of the company required workmen re-
    pairing the track to place a green flag at a reasonable distance from the·
    point where working, and that the engineer and fireman should observe
    such signals.    Intestate knew of, and had used, such flags, but failed to

take any on the day of the accident. *Held* to show negligence per se on intestate's part, so as to defeat a recovery.

2. SAME—DUTY OF MASTER.

An elevated street-railroad company is not liable for injuries resulting in the death of a workman employed on the track, merely because it allowed trains to closely follow one another.

Motion for reargument. Denied.

For opinion, see 51 N. Y. Supp. 958.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

PER CURIAM. As the decision of this court practically determines this litigation, we have carefully considered the answer made by the learned counsel for the appellant to the position taken by the court in the opinion hitherto delivered by us. Without discussing again the details of the case, it is sufficient to say that we adhere to our ruling that the failure of the deceased and his associate to place the warning flags upon the track while they were at work was per se contributory negligence, which precludes a recovery. Had the flags been set, the engineer of the engine which ran the deceased down should, and, if he had attended to his duty, would, have been apprised that men were at work on the track, and with this information could have so managed his engine as to have avoided causing injury, and to have given the workmen an opportunity to escape danger. On this question we see no room for such difference of judgment as would have justified submitting it to the jury. Nor do we see any theory on which the second question in the case—the negligence of the defendant—could have been submitted. The sole claim of the appellant is that the receiver had not established proper rules for the protection of the workmen. We have already said that the direction for posting flags was sufficient, and that the neglect to use the flags was contributory negligence. Be this as it may, we do not see what additional rule the receiver could have enacted. The only fault suggested by the learned counsel is in permitting the engine which caused the injury to follow so closely a regular train. The defendant was operating a street elevated railroad. On such a road trains pass with great frequency. Oftentimes delays occur, either from the number of passengers seeking to enter or alight, or other causes. When such blocks happen, it necessarily results that following trains close in upon the leading one, and that, until the regular order is restored, one train must follow another in quick succession. It would be entirely unreasonable and impracticable to provide that on such a railroad no train or engine should follow another except at a definite interval of time. On both issues—the freedom of the deceased from contributory negligence and the negligence of the defendant—we think the plaintiff failed to make out a case.

Motion for reargument denied.