Merrimack, }
April 5, 1904. }

## Hill v. Boston & Maine Railroad.

If a servant relies upon the absence of rules as the basis of a charge of negligence against his employer, it is incumbent upon him to prove affirmatively the want of suitable regulations for the conduct of the business, the presumption being that such as were necessary were prescribed.

Certain evidence deemed insufficient to warrant a finding that a master was guilty of negligence in failing to enforce rules prescribed for the conduct of his business, or in continuing to employ servants who disobeyed such regulations.

Case, for negligence. Trial by jury. At the close of the plaintiff's evidence a nonsuit was ordered, subject to his exception. Transferred from the April term, 1901, of the superior court by *Peaslee*, J. The evidence tended to prove the following facts:

The plaintiff entered the defendants' service in November, 1899, and was employed at various jobs in the repair shops at Concord until March, 1900, when he joined a gang who worked mostly upon cars standing on track No. 8 in the freight repair shop. There are eight tracks in this shop, and cars are transferred from one to another by means of a transfer table, situated about two car-lengths south of the shop and wide enough to hold two cars. The cars are shifted in and out of the shop over track No. 4; and as that track is in frequent use for this purpose, it is not the custom to repair cars standing upon it outside the shop, unless the work can be completed in a short time.

Keenan was boss of the gang in which plaintiff worked, gave directions as he received them from his superiors, and labored with the men who were under his immediate control. He received his orders from Adams, the foreman, and Abbott, the assistant foreman, whose duty it was to give directions for removing cars from the shop across the transfer table to track No. 4, which was generally done after repairs were completed. They were subject to the direction of Gordon, general foreman, who was in turn subordinate to Chamberlin, the division superintendent.

On the day of the accident the plaintiff had completed the repairs upon a flat car, with the exception of putting on a pin-lifter. When he returned to work after dinner, he found that the car had been moved to track No. 4, and stood with its northerly end from ten to thirty feet south of the transfer table. The plaintiff was directed by Keenan to put a pin-lifter on the car, this being such a job as had theretofore been done upon that track; and while so engaged he was injured by being struck by a car which had been

standing just north of the one upon which he was at work. The car by which the plaintiff was struck was set in motion by another car which was pushed along from the shop by the workmen, in the ordinary course of business. Adams and Abbott gave the order to push the car in the way it was done, without looking to see if any one was at work upon other cars on the same track, but their direction did not specify how far the car should be moved. The men who pushed the car could not see the plaintiff, and he had no knowledge or warning that another car was moving toward the one upon which he was at work.

*Martin & Howe*, for the plaintiff.

*Frank S. Streeter, John M. Mitchell*, and *Fred C. Demond*, for the defendants.

PARSONS, C. J. It was the duty of the defendants, for the protection of their employees, to conduct their business in a reasonable manner, measured by the conduct of men in general engaged in like occupations. *English* v. *Amidon, ante, pp.* 301, 303, 304. If men of ordinary prudence, engaged as the defendants were in the business of repairing cars, would provide by rule as to the movement by hand of cars over tracks upon which other cars were generally or occasionally repaired, or as to the repair of cars upon such tracks, the defendants' failure to so provide would be evidence of negligence. Relying upon the absence of rules as the basis of the charge of negligence, the burden was upon the plaintiff to prove affirmatively the want of such rules, since the presumption is that such rules as were necessary were prescribed. *Manning* v. *Manchester Mills*, 70 N. H. 582, 584; *Rose* v. *Railroad*, 58 N. Y. 217; *Potter* v. *Railroad*, 136 N. Y. 77, 81; *Brady* v. *Railroad*, 114 Fed. Rep. 100,—57 L. R. A. 712, 716; 1 Shearm. & Red. Neg., s. 202.

If a rule would have protected the servant, if observed, his injury may be due either to the want of the rule,—negligence of the master,—or to its non-observance,—negligence of the plaintiff or his fellow-servants. Hence, proof of an injury preventable by a different course of conduct is not of itself evidence of the master's negligence. *Rose* v. *Railroad, supra; Deschenes* v. *Railroad*, 69 N. H. 285. There is no evidence tending to show that the defendants did not provide suitable rules; in fact, there is no reference to rules or system of business in the record. It is claimed, however, that, assuming that rules were prescribed, it might be found that the defendants were guilty of negligence in failing to enforce them, or in continuing to employ servants who did not obey them.

It is found in the case that the car, the movement of which resulted in the plaintiff's injury, was pushed out by hand upon the track where the plaintiff was at work, " in the ordinary course of business," and that the order was given to push the car out "in the way it was done." From these expressions, it is argued that the customary method of moving the cars out upon the track in question was without looking to see if any one was at work on the track; and the rule requiring employees to observe if any one was at work upon the track before moving cars upon it (which it appears to be claimed should have been prescribed), if prescribed, was so generally violated that the defendants might be found guilty of negligence upon the grounds before stated,—in substance, because they failed to exercise reasonable supervision. Such construction of the case would be strained and is not reasonably warranted by the language of the record, in view of the apparent fact that in the superior court attention was not directed to the question of rules or system. But if the plaintiff is correct in his construction of the case, the conclusion is erroneous, because it is based upon the false assumption that the only rule which could have protected the plaintiff would have been one regulating the conduct of those moving the car. A rule requiring a signal of some sort to be erected, when work was being done upon cars on a track upon which other cars were liable to be moved, would, if observed, have protected the plaintiff, and would have constituted a performance of the defendants' rule-making duty. *Corcoran* v. *Railroad*, 126 N. Y. 673, 676. There is nothing in the case from which it can be argued that the defendants did not prescribe such a rule. It may be obvious that they should have some such rule in their operative department as a railroad. Whether such a rule is practicable or necessary to govern the movement of cars by hand, in the business of operating a car repair shop, is a question upon which the evidence is silent, and which it is not material now to decide, but upon which decisions that have been examined seem adverse to the plaintiff, as the case is now presented. *Berrigan* v. *Railway*, 131 N. Y. 582; *Morgan* v. *Company*, 133 N. Y. 666; *Moore Lime Co.* v. *Richardson*, 95 Va. 326; *Texas etc. R'y* v. *Echols*, 87 Tex. 339. Neither is there any evidence that the plaintiff did not know that cars might be pushed onto the track upon which he was at work. He knew that the car upon which he was at work had that day been so moved, and must have known that all cars that went into or out of the shop must be moved over this track. If he did not know and was not instructed how to protect his place of work, he fails because he offered no evidence upon these issues, as to which the burden was also with him. *Burnham* v. *Railroad*, 68 N. H. 567, 568, and authorities

*supra.* The case is not one of a constantly recurring danger necessarily a part of the work, rendering the work-place unsafe at times, as in *McLaine* v. *Company*, 71 N. H. 294, but of a place that would be safe during the time of work if proper precautions were taken. The negligence, if existent, is in the failure to take proper measures to insure the safety of the place, not in failing to warn of the imminence of an occasional, unpreventable peril. As the evidence offered is insufficient to authorize a finding that the negligence causing the injury was that of the defendants, there was no error in the order of nonsuit.

. It may be that the plaintiff's whole difficulty arises from the fact that the evidence at the trial was not addressed to the propositions now relied upon. If there be evidence tending to sustain the claims now made, which through accident, mistake, or misfortune was not presented, the superior court will determine whether justice requires another trial. This court can consider only the legal questions presented by the record. In that there is no error.

*Exception overruled.*

WALKER, J., did not sit : the others concurred.