### WISTINETZ v. GOLDMAN et al.

(Supreme Court, Appellate Division, Second Department. January 17, 1913.)

1. MASTER AND SERVANT (§ 217*)—INJURIES TO SERVANT—ASSUMED RISK.

Where plaintiff had been in defendants' employ for some years before the accident, during which he operated a machine for cutting lumber, and continued to operate it without protest or objection after a stopping device had been removed therefrom, because it interfered with the speed of the work, he assumed the risk of injury because of the absence of the device.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MASTER AND SERVANT (§ 163*)—INJURIES TO SERVANT—PROMISE TO PROVIDE ASSISTANCE.

Defendants were not liable for failure to provide plaintiff with a helper to do certain work, in accordance with the promise of their foreman, until a reasonable time had elapsed within which the foreman could give the necessary directions.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 328–330; Dec. Dig. § 163.*]

3. MASTER AND SERVANT (§§ 101, 102, 163*)—INJURIES TO SERVANT—MASTER'S DUTY.

A master is bound to furnish his servant a safe place in which to work and reasonably safe tools to work with, and a sufficient number of efficient fellow servants to perform the work required.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 172, 180–184, 192, 328–330; Dec. Dig. §§ 101, 102, 163.*]

4. MASTER AND SERVANT (§ 190*)—INJURIES TO SERVANT—DESIGNATION OF HELPER—NEGLIGENCE OF FELLOW SERVANT.

Plaintiff, having been directed to run certain cypress boards 12 feet long through a machine, told his foreman that it was impossible to handle boards of that length without a helper, and the foreman promised to send a helper to assist plaintiff. Held, that the designation of a helper was a mere detail of the work, and that the foreman's negligence in failing to provide a helper was the negligence of plaintiff's fellow servant, for which defendants were not liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. §§ 190.*]

Hirschberg and Burr dissenting.

Appeal from Trial Term, Kings County.

Action by Wolf Wistinetz against Jacob Goldman and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Edward M. Grout, of New York City (Charles B. La Voe, of New York City, on the brief), for appellants.

Henry M. Dater, of Brooklyn (Jay S. Jones and Louis Pleshet, both of Brooklyn, on the brief), for respondent.

RICH, J. This action is brought by the plaintiff, an employé, against the employer to recover on the common law for personal injuries. This appeal is from a judgment in favor of the plaintiff, and from an order denying defendants' motion for a new trial.

[1] The plaintiff had been in defendants' employ some years before the accident, and during the time of his employment had operated a machine used for cutting lumber. At one time the machine was equipped with a stopping device by which the motion of the chain to which the cutting knives were attached could be suspended, and it was the practice to suspend the operation of the knives while the lumber was being clamped to the table preparatory to cutting. This device had been removed by defendant some time before the accident, because it interfered with the rapidity with which the work could be accomplished. The plaintiff, without protest or objection, continued to operate the machine, and·in doing this he assumed the risk of injury.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

From the time the plaintiff commenced operating this machine to the morning of the accident, the lumber he was engaged in cutting was cypress boards not exceeding four or five feet in length, which he was able to handle without assistance and without danger. On the morning of the accident, and just prior to its happening, plaintiff called the attention of the foreman in charge to the fact that the lumber to be worked that day was 12 feet long, and told him that because of its length it was impossible for him to handle it alone, to which plaintiff says the foreman replied, "You go ahead, I will send you another man here." A witness called by plaintiff testified that the foreman said, in reply to the request, "Told me to wait awhile. 'I will send you one.'" On his cross-examination this witness testified that it was said, "I will give you a man right away; work along." The plaintiff seems to have proceeded with the work without waiting for a helper, and while engaged in planing one of these long boards it turned over, drawing plaintiff's hand into contact with the knives, and inflicting the injury for which he has recovered.

The negligence upon which plaintiff relies is the failure of the foreman to furnish him with a helper as promised. The time is not definitely given, but the accident occurred within an hour after the alleged promise was made. It does not appear whether sufficient time had elapsed after the promise and before the accident to have enabled the foreman to provide the services of a helper. It is not shown that any appreciable time elapsed after the request to the foreman and before the accident.

[2] No liability was created by the failure to provide a helper until a reasonable time had elapsed within which the foreman could give the necessary direction.

[3] The defendants' duty to the plaintiff was to furnish him a safe place in which to work, reasonably safe tools to work with, and a sufficient number of efficient fellow workmen to safely perform the work required of him. The questions of a safe place and the efficiency of plaintiff's coemployés are not in this case.

[4] It is contended on the part of appellants that there was a sufficient number of coemployés in the factory at the time to have assisted the plaintiff, and that the failure of the superintendent to assign one to this duty was negligence of a fellow workman in the performance of a detail of the work. It is pointed out, however, by respondent that there is no evidence of the presence and availability of other employés except such as may be implied from the promise of the foreman. The burden of showing an omission of duty in this respect, if there was any, was upon the plaintiff, and, in the absence of evidence to the contrary, the presumption is that competent and sufficient servants were employed. Potter v. N. Y. C. & H. R. R. R. Co., 136 N. Y. 77–81, 32 N. E. 603. Plaintiff was capable of doing the work without the aid of a helper so long as the boards were of the length that he had handled before the accident. It was only when the length of the boards was increased that the use of the machine by one person without an assistant became dangerous. That was a detail of the work for which the foreman was solely responsible. Dair v. N. Y. & P. R. Steamship Co., 204 N. Y. 341, 350, 97 N. E. 711; Cullen v.

Norton, 126 N. Y. 1, 26 N. E. 905; Loughlin v. State of New York, 105 N. Y. 159, 11 N. E. 371; Besel v. N. Y. C. & H. R. R. R. Co., 70 N. Y. 171; Madigan v. Oceanic Steam Nav. Co., 178 N. Y. 242, 70 N. E. 785, 102 Am. St. Rep. 495; Vogel v. American Bridge Co., 180 N. Y. 373, 73 N. E. 1, 70 L. R. A. 725.

It seems from the evidence that, if there was negligence in the failure to provide an assistant, it was that of a fellow servant with regard to a detail of the work, and it follows that the judgment must be reversed on the law and facts.

Judgment and order reversed and a new trial granted, costs to abide the event.

JENKS, P. J., and WOODWARD, J., concur.   HIRSCHBERG and BURR, JJ., dissent.