# Di Giosia *v.* Kerbaugh, Incorporated, Appellant.

*Negligence—Master and servant—Negligence of foreman—Fellow servant rule—Law of New York—Judgment for defendant n. o. v.*

In an action against a construction company to recover damages for injuries sustained by an employee while loading rails upon a freight car where it appeared that one of the rails had fallen from the car upon plaintiff injuring him severely, that the method provided for doing the work was a proper one, but that the accident resulted from the failure of the foreman to give proper directions, and that under the law of New York, where the cause of action arose, the foreman under such circumstances was a fellow servant of plaintiff, it was error to submit the case to the jury and on appeal judgment for defendant n. o. v. was entered.

Argued Jan. 17, 1916. Appeal, No. 301, Jan. T., 1915, by defendant, from judgment of C. P. No. 3, Philadelphia Co., March T., 1912, No. 312, on verdict for plaintiff in case of Giuseppe Di Giosia v. H. S. Kerbaugh, Inc.

Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before MCMICHAEL, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $5,000, and judgment thereon. Defendant appealed.

*Error assigned* was in overruling defendant's motion for judgment non obstante veredicto.

*W. W. Porter,* of *Porter, Foulkrod & McCullagh,* with him *James O. G. Duffy,* for appellant, cited: Coyne v. Union Pacific Railway Co., 133 U. S. 370; O'Connel v. Clark, 22 N. Y. App. Div. 466 (48 N. Y. Supp. 74); Toohey v. Ocean Steamship Co., 78 N. Y. App. Div. 178 (79 N. Y. Supp. 567); Stourbridge v. Brooklyn City R. R. Co., 9 N. Y. App. Div. 129 (41 N. Y. Supp. 128); Citrone v. O'Rourke Const. Co., 188 N. Y. 339 (80 N. E. Repr. 1092; Wooden v. Western N. Y. & Penna. R. R. Co., 147 N. Y. 508 (42 N. E. Repr. 199); Ulrich v. N. Y. Cent. & Hudson River R. R. Co., 25 N. Y. App. Div. 465 (51 N. Y. Supp. 5); Potter v. N. Y. Cent. & Hudson River R. R. Co., 136 N. Y. 77 (32 N. E. Repr. 603); Central Railroad Co. v. Keegan, 160 U. S. 259; Koszlowski v. American Locomotive Co., 96 N. Y. App. Div. 40 (89 N. Y. Supp. 55); Dair v. N. Y. & Porto Rico Steamship Co., 204 N. Y. 341 (92 N. E. Repr. 711); Brick v. Rochester, N. Y. & Penna. R. R. Co., 98 N. Y. 211; McCosker v. Long Island R. R. Co., 84 N. Y. 77; Loughlin v. State, 105 N. Y. 159 (11 N. E. Repr. 371); Kinsley v. Pratt, 148 N. Y. 372 (42 N. E. Repr. 986).

*Francis M. McAdams,* of *Wilson & McAdams,* with him *Michael A. Spatola,* for appellee.—The case was for the jury: O'Rourke v. Alphons Custodis Chimey Construction Co., 21 Pa. Superior Ct. 52; Cunningham v. Ft.

Pitt Bridge Works, 197 Pa. 625; Stewart v. Cent. R. R. of N. J., 235 Pa. 311; Shank v. Edison Electric Illuminating Co., 225 Pa. 393; Ford v. Lake Shore & Mich. So. Ry. Co., 124 N. Y. 493 (26 N. E. Repr. 1101); Devoe v. N. Y. Central & Hudson River R. R. Co., 174 N. Y. 1 (66 N. E. Repr. 568); Abel v. Pres., Mgrs. &c., of Del. & Hudson Canal Co., 103 N. Y. 581; Sheehan v. N. Y. Cent. & Hudson River R. R. Co., 91 N. Y. 332; Doing v. N. Y., Ontario & Western Ry. Co., 151 N. Y. 579 (45 N. E. Repr. 1028); Davidson v. Cornell, 132 N. Y. 228 (30 N. E. Repr. 573); Kiras v. Nicholas Chemical Co., 59 N. Y. App. Div. 79 (69 N. Y. Supp. 64); Mehan v. Syracuse, Binghamton & N. Y. R. R. Corp., 73 N. Y. 583; Kain v. Smith, 89 N. Y. 375.

OPINION BY MR. JUSTICE FRAZER, March 6, 1916:

Defendant, a contractor, engaged in the reconstruction of a railroad in the State of New York, was required by the terms of his contract to remove the rails from the old roadbed and load them onto cars for transportation to other places. On January 6, 1911, plaintiff, one of defendant's employees, with a number of others, was engaged in removing rails and loading them on flat cars, which were moved along an adjoining track, by an engine, as the work of loading progressed. This work required concerted action on the part of the men who, under the direction of the foreman, carried the rails to the side of the car, and, at the command of the foreman, threw them with one motion to the floor of the car. Plaintiff's evidence shows that snow had fallen on the day of the accident and for a day or two previous, and that there was a slight depression or a ditch in the ground between the two tracks which, at the time, was filled with snow and ice, rendering it difficult for the workmen to secure a safe foothold when removing and loading the rails. In attempting to deposit a rail on the car on top of others, two of the rails already loaded were forced off the car and fell to the ground, one of them catching

plaintiff's leg and inflicting the injury for which this action was brought to recover compensation.

The work was in charge of a foreman and until a short time previous to the accident the loading was done by placing one end of the rail on the end of the car, and using tongs for the purpose of drawing it forward on to the car and placing it in position. While the work was being done in this manner plaintiff was stationed on the car. This mode of loading continued until the superintendent directed that the work be done by throwing the rails on the car at its side.

Plaintiff charged defendant with negligence in failing to provide a safe place in which to work, and a safe and proper system of doing the work. The case was tried under the law of the State of New York, where the accident happened, and defendant contends plaintiff assumed the risk as incident to his employment, and, if plaintiff's injury was the result of negligence, the negligence was that of a fellow servant for which there can be no recovery. The trial judge submitted the case to the jury, and, following a verdict in plaintiff's favor and from judgment entered thereon, defendant appealed. The first assignment of error specified the action of the court below in overruling defendant's motion for judgment n. o. v.

It appears from the testimony of a member of the bar of the State of New York a witness for defendant, citing, Crispin v. Babbitt, 81 N. Y. 516, and Dair v. N. Y. & Porto Rico Steamship Co., 204 N. Y. 341, that, under the common law, which the parties agree applies to the facts in this case, a foreman or superintendent in that state is considered a fellow servant of a workman, if the negligent act of the former was an act which he was doing as a servant and pursuant to the duties which he was employed to fulfill, and not an act done in the performance of a duty which the master owed to his servant; but if the superintendent was performing an absolute duty which the master owed to the servant,

his neglect or carelessness was the negligence of the master. Under this law, the act of the foreman or superintendent in giving orders for changing the method of loading the rails into cars, was the act of a fellow servant, for which the master would not be liable, unless there was a failure in the duty to supply a reasonably safe place in which to work, or other duty which the master owed the servant.

One of the duties which a master owes his servant, under the laws of New York, is to provide and enforce reasonable rules and regulations and a proper system so that the work may be performed by the employee in a reasonably safe manner. A qualification of this appears where the employee with knowledge of the danger continues in the employment, in which case he is held to have assumed the risk: Knisley v. Pratt, 148 N. Y. 372.

Applying these principles of law to the facts of the present case, it appears both the foreman and the superintendent, who it is alleged gave the orders for the change in the method of doing the work, were fellow servants of plaintiff, unless the accident was due to a failure to provide and maintain a proper system to guide and protect the employee in the performance of his duties. Defendant introduced testimony to show that loading rails at the side of the car, as was done in the present case, was a customary and usual method. Plaintiff contended this was not a safe method and offered a number of witnesses to that effect; these witnesses, however, admitted both modes were in general use, and that which one should be followed was purely a matter of judgment on the part of the superintendent or foreman, to be determined according to the circumstances of each particular case. It thus appears that; if loading the rails from the side of the car under favorable conditions was the cause of the accident, plaintiff's injury was not due to lack of system, but to the manner of performing the work under the particular circumstances, as to which

the foreman was the judge.    Furthermore, loading rails on cars is necessarily accompanied by more or less danger to the workmen, and the conditions are constantly changing both as to weather and the place to work. New dangers are continually arising in the course of the employment by reason of the nature of the work, for which the master cannot be held responsible on the theory of failure to provide a safe place in which to work, or a proper system for doing the work: O'Connell v. Clark, 22 N. Y. App. Div. 466; Toohey v. Ocean Steamship Co., 78 N. Y. App. Div. 178; Citrone v. O'Rourke Engineering Construction Co., 188 N. Y. 339; Wooden v. Western N. Y. & Penna. R. R. Co., 147 N. Y. 508; Potter v. N. Y. Cent. & Hudson River R. R. Co., 136 N. Y. 77.    It should also be noted that the presence of ice and snow in the gutter between the tracks does not seem to have caused the accident.    The rail had been thrown upon the car without a slip or misstep upon the part of any of the workmen, and its weight in falling forced, or caused, the other rails to drop from the car.    The accident was due to the fact that an attempt was made to place in the car a larger number of rails than would seem to be consistent with safety, before inserting standards or uprights at the sides to securely hold the rails in place.    This was wholly under the control of the foreman, for whose negligence defendant is not responsible inasmuch as under the law of the State of New York in doing this work he was a fellow servant of plaintiff.

The first assignment of error is sustained and judgment is directed to be entered for defendant non obstante veredicto.