The Court at General Term, said:
“There was no testimony given which calls for another determination than that announced when this case was decided in a former appeal. Kenny v. The Cunard Co., 52 Super. Gt. 434. This action was for damages from the alleged negligence of the defendant. The plaintiff was hurt from boards slipping from a sling, upon him. The sling was placed around the boards by one Wright, who was a co-servant of plaintiff. The sling was an iron chain. It was agreed by the learned counsel for plaintiff that there was testimony to show that this claim was. not a proper appliance, or ordinarily fit for the use in this instance, for which the defendant had provided it. The plaintiff’s witnesses, however, testified that this chain would have been fit, if it had been hooked about the boards in a certain way. The servants in general and Wright in particular, knew how it should have been hooked, to secure safety. And for this no skill and only ordinary knowledge was requisite. There was therefore a failure to prove that the defendant had been negligent in furnishing for the work fit or proper instruments. The chain that was used being sufficient, it is not necessary to pass upon any point made as to *559 another kind of chain, which some witnesses said was the proper chain to use.
Herman H Shook, for appellant.
Frank D. Sturgis, for respondent.
“ The accident, of the boards slipping from the chain, was caused by Wright tightening the chain, to a degree that was less than was required for safety. This was negligence on the part of a fellow servant, if negligence at all, for the consequences of which the defendant is not liable to the plaintiff. It is claimed however, the defendant co-operated with Wright in this negligence, and for that reason is liable. This is based upon' testimony that when Wright was proceeding to tighten the chain, and before it had been made safe, one Graham, a foreman of the gang, of which Wright was one, ordered him to let the chain go as it was. The respondent’s counsel answer that Graham was not performing any duty devolved upon the defendant by the law as to the plaintiff, but was himself a co-servant of plaintiff and of Wright. The learned counsel cites several cases, and among them Loughlin v. State of N. Y., 105 N. Y. 163. The cited case sustains the proposition. It says, 6 Wells, although captain of the boat with power to direct those under him, was, nevertheless, a co-servant within the rule. The manner of proceeding with the work was committed to Wells. It involved the exercise of such discretion and judgment only, as is committed to a foreman. It is not claimed that Wells was incompetent for his position, and no question as to the suitableness of appliances furnished by the state arises. It is the ordinary case of mismanagement by a co-employee of superior grade, as to the manner of prosecuting an ordinary work in which he and other employees, acting under him, were at the time engaged.’ ”
Opinion Per Curiam.
Judgment and order affirmed with costs.