JOHN HUDSON, Appellant, *v.* THE OCEAN STEAMSHIP COMPANY OF SAVANNAH, Respondent.

Where the duty resting upon a master of providing for his servant adequate and safe appliances, and such as are usual in the business in which the servant is employed has been performed, the servant takes all the risks involved in the work and of his own and his fellow servants' negligence.

(Argued May 4, 1888; decided June 5, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 8, 1886, which affirmed a judgment in favor of plaintiff entered upon an order dismissing the complaint on trial.

This action was brought to recover damages for personal injuries alleged to have been caused by defendant's negligence.

The following is the opinion:

" The trial court refused to submit the case to the jury and dismissed the complaint, and its action was approved by the General Term. We see no error committed in so doing. The

plaintiff, while engaged in putting freight on board of one of defendant's steamships at its dock in New York city, by means of a truck which he wheeled from dock to ship over a platform or 'skid,' was precipitated into the water by the fall of the skid and thereby was injured.   It is usual to truck freight over such a platform and the plaintiff had been for some time engaged as a longshoreman in that kind of work and on that very dock.   According to the evidence adduced on plaintiff's behalf, it is the duty of the longshoremen when engaged in trucking freight to attend to the fastenings of the 'skid.'   It is only made fast by ropes at the ship's end, the shore end being left loose to allow of its movement with that of the ship.   As the tide falls the ship fastenings must be lengthened to conform.   The proofs showed the 'skid' to be in good order, and the slipping of the shore end was caused by some omission of those engaged at work to attend to its fastenings; or the fall may have been caused by the swell of some moving vessel.  No fault or neglect was shown on defendant's part.   The principle upon which actions are allowed against a master by his servant is the obligation resting upon the former to provide adequate and safe appliances, and such as are usual in the particular business in which the servant is employed.   That is a duty implied from their contract, and failure of the master in that duty renders him responsible to his servant for injuries occurring.   But if the master has performed his duty in that respect, the servant takes all the risks involved in the work in which he is engaged and of his own and his fellow servant's negligence.   The opinion of the learned judge at General Term ably disposed of the case and renders it unnecessary for us to further consider the appeal.

"The judgment of the General Term affirming the judgment entered in favor of the defendant should be affirmed."

*Samuel H. Randall* for appellant.

*Nathan Bijur* for respondent.

GRAY, J., reads for affirmance.
All concur.
Judgment affirmed.