Mo Adam, J.
The upper stories of the building occupied by the Western Union Telegraph Company, situate on the northwest corner of Broadway and Dey street, in New York city, were, in the month of July, 1890, seriously damaged by fire. For the purpose of repairing and reconstructing the injured portions, the telegraph company employed the defendants' Smith and Dexter to remove the debris from the premises. To facilitate their work, Smith and Dexter caused to be erected a wooden shute extending from the upper stories to the surface of the street near the sidewalk curb. This shute was used to precipitate the debris from the upper floors of the building to the street, for removal therefrom in carts. It appeared by the evidence that the shute was covered until it nearly reached the sidewalk, where it had an opening. It was also open at the end to let the descending material fall out into the street
All the men employed on the work (including the plaintiff) were employed by Smith and Dexter, and it was done under their direction. The shute on the day of the accident, was connected with two different floors and the “ stuff came right down the shute according as they would shovel upstairs.”
Among the material which came down were bricks, which, when they struck near the bottom of the shute, which was slanted into the street, would scatter or hop around for about ten feet. The plaintiff was employed to shovel into carts the material which came down. He had observed the character of the material coming down and its action as described above. He nevertheless continued at the work, until struck by one of the .bricks, which inflicted injuries upon his head which necessitated his removal to *254 the hospital. To recover damages for these injuries the action was brought.
There was no proof of improper construction of the shute, and no evidence that it was an unusual or unnecessarily dangerous appliance; on the contrary, the plaintiff’s witness and co-workman Cavanagh testified that such shutes are “common things in this city.” The plaintiff testified that he saw and knew the operation and effect of the shute, so that its dangers were not secret but obvious.
At the conclusion of the plaintiff’s case, his complaint was dismissed on the ground that no cause of action had been established and from the judgment entered on this direction the appeal was taken. Upon the argument it was conceded that the dismissal so far as it related to the Western Union Telegraph Company was right, but the plaintiff insists that as to the contractors Smith & Dexter, the direction was erroneous.
The direction was right even as to Smith & Dexter. They were not insurers of the plaintiff’s safety—they provided the usual appliances for the work—which were suitable—reasonably safe properly constructed and did not cause injury by breakage or imperfection. They thereby discharged their full duty to the plaintiff. Marsh v. Chickering, 101 N. Y., 396; Stringham v. Hilton, 111 id., at p. 195 ; 19 St. Rep., 621; Cregan v. Marston; 126 N. Y., 568; 38 St. Rep., 428. The plaintiff knew of the dangers when he entered the employ of the contractors. These were apparent to all, and were risks incident to his employment. Sweeny v. Berlin, 101 N. Y., 520; Hudson v. Ocean Co., 110 id., 625; 16 St. Rep., 416. The appliances being suitable, if any fault can be attributed to any of the workmen on the job, it was that of a co-employe, and no recovery can be had against the defendants for such acts. Hudson v. Ocean Co., supra; Hussey v. Coger, 112 N. Y., 614; 21 St. Rep., 848, and kindred cases. For these reasons, and without considering the question of contributory negligence, the plaintiff’s complaint was properly dismissed.
The plaintiff invokes the rule that a master is bound to furnish his servant with a safe and suitable place to do his work, and is liable if he fails to perform that duty. The plaintiff was assigned to a place on the street with- the other workmen engaged on the same work. The work could be done no where else. The dangers surrounding the situation were patent to all, and when the plaintiff accepted such employment and continued in it with full knowledge of its dangers, he cannot visit misfortunes which followed, on the master. Thompson on Neg., 1008. A recovery cannot be had merely because an accident has occurred. Some wrong or neglect on the part of the defendants and freedom from fault on the part of the plaintiff must be shown to make them liable. Race v. Ferry Co., 138 N. Y., 647 ; 53 St. Rep., 9; Potter v. R. R. Co., 136 N. Y., at p. 81; 48 St. Rep., 843. No such proof was offered.
It follows that the judgment appealed from must be affirmed, with costs.
Freedman, P. J., concurs.