JAMES WELSH, Respondent, *v.* JOHN M. CORNELL, Trading Under the Style of "J. B. & J. M. CORNELL," Appellant.

NEGLIGENCE — INJURY FROM THE BREAKING OF A CLAMP — INSUFFICIENT PROOF OF NEGLIGENCE. In an action to recover damages for personal injuries sustained by plaintiff, an employee of defendant, on account of the breaking and falling of a clamp to which was attached the guy rope of a derrick, where there is no proper proof, direct or inferential, that the clamp was made of defective iron, or that it was defectively made, or that it was not properly maintained, except such as might be inferred from the fact that it gave way, or that the defendant knew or with reasonable diligence might have ascertained the supposed defect, and the only proof relied upon to establish defendant's negligence is the mere speculation or conjecture of experts, the complaint is properly dismissed by the trial court.

*Welsh* v. *Cornell,* 49 App. Div. 203, reversed.

(Argued October 17, 1901; decided November 26, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made March 9, 1900, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert Thorne* and *Frank V. Johnson* for appellant.    The record shows only an unexplained accident not in any way connected with any negligence or the omission of any duty on the part of the defendant.    (*Carlson* v. *P. B. Co.*, 132 N. Y. 273; *Boess* v. *C. & P. B. Co.*, 12 App. Div. 366; *Soderman* v. *Kemp*, 145 N. Y. 427; *Kimmer* v. *Weber*, 151 N. Y. 417; *Ruppert* v. *B. H. R. R. Co.*, 154 N. Y. 90; *Dobbins* v. *Brown*, 119 N. Y. 188; *Hussey* v. *Coger*, 112 N. Y. 618; *Dougherty* v. *Milliken*, 163 N. Y. 527.)    The plaintiff failed to discharge the burden resting upon him to show his own freedom from contributory negligence.    (*Weston* v. *City of Troy*, 139 N. Y. 281; *Wieland* v. *D. & H. C. Co.*, 167 N. Y. 19; *Wiwirowski* v. *L. S. & M. S. Ry. Co.*, 124 N. Y. 425.)    The plaintiff's exceptions to the admission or exclusion of testimony presented no possible ground for a reversal of the judgment at Trial Term.    (*Neil* v. *Thorn*, 88 N. Y. 270; *Harley* v. *B. C. M. Co.*, 142 N. Y. 31; *People* v. *Smiler*, 125 N. Y. 717; *Link* v. *Sheldon*, 136 N. Y. 1; *McGuire* v. *B. H. R. R. Co.*, 30 App. Div. 227.)

*Charles J. Hardy* for respondent.    The Appellate Division correctly held that the trial court erred in dismissing the complaint.    (*Richards* v. *Hayes*, 17 App. Div. 429; *McGuire* v. *Bell Tel. Co.*, 167 N. Y. 208; *Doyle* v. *White*, 14 Misc. Rep. 419; *Stringham* v. *Hilton*, 111 N. Y. 188; *McCone* v. *Gallagher*, 16 App. Div. 272; *Pendergast* v. *Union Ry. Co.*, 10 App. Div. 211; *Kranz* v. *L. I. Ry. Co.*, 123 N. Y. 1; *Griffiths* v. *N. J. & N. Y. R. R. Co.*, 149 N. Y. 595; *Butler* v. *Townsend*, 126 N. Y. 105; *Kimmer* v. *Weber*, 151 N. Y.

417.) This case is one within the doctrine of *res ipsa loqui-tur*. (*Stallman* v. *N. Y. S. Co.*, 17 App. Div. 397; *Spicer* v. *S. B. I. Co.*, 138 Mass. 426; *Murphy* v. *Mc William*, 14 App. Div. 300; *Kennedy* v. *McAllaster*, 31 App. Div. 453; *O'Flaherty* v. *N. El. R. R. Co.*, 34 App. Div. 74; *Court-ney* v. *Cornell*, 17 J. & S. 286; *Green* v. *Banta*, 16 J. & S. 156; 97 N. Y. 627; *Griffin* v. *Manice*, 166 N. Y. 188.) The rulings of the trial justice, on the admission of evidence, were erroneous and warranted the reversal. (*Cowley* v. *People*, 83 N. Y. 470; *Slocovich* v. *O. M. Ins. Co.*, 108 N. Y. 64; *Tur-ner* v. *City of Newburgh*, 109 N. Y. 301; *People* v. *Augs-bury*, 97 N. Y. 501; *Pender* v. *B. C. R. R. Co.*, 84 Hun, 462; *Reich* v. *U. Ry. Co.*, 78 Hun, 418; *Ferguson* v. *Hubbell*, 97 N. Y. 507; *Clark* v. *Bruce*, 12 Hun, 274; *Moyer* v. *N. Y. C. & H. R. R. R. Co.*, 98 N. Y. 645; *Van Wycklen* v. *City of Brooklyn*, 118 N. Y. 424.).

*Per Curiam.* This was an action to recover for personal injuries sustained by the plaintiff and alleged to have been caused by the negligence of the defendant. The plaintiff, his servant, was injured while in the defendant's employ by the breaking and falling of a portion of a clamp to which was attached the guy rope of a derrick owned by the defendant and in use upon his premises when the accident occurred. The plaintiff was at work under this guy rope and immedi-ately in front of a post to which it was attached by the clamp which gave way. As negligence is not to be presumed, but must be proved to entitle the plaintiff to recover, it was neces-sary for him to show that the accident was the result of the defendant's negligence. It was the duty of the defendant to exercise reasonable and ordinary care to provide for the safety of his servants and to furnish appliances that were reason-ably safe and suitable for the purpose for which they were employed. Unless there is proof in this case showing the absence of ordinary care upon the part of the master in fur-nishing or maintaining the appliance which was broken, the plaintiff cannot recover. Practically the only facts established

by any tangible or substantial proof were the plaintiff's injury
and that it was caused by the falling of a piece of the broken
clamp.    What occasioned the break was not shown, although
there was some speculation or conjecture as to the cause.
There was no proper proof, direct or inferential, that the
clamp was made of defective iron, or that it was defectively
made, or that it was not properly maintained, except such as
might be inferred from the fact that it gave way.    The only
proof which even tended to show any defect in the clamp was
that one witness testified that he glanced at the broken piece,
that it looked like freshly broken iron, and that on the corner
there was a little bit of rust, but he finally refused to swear it
was rust and testified that it might have been paint instead.
The main portion of the plaintiff's evidence was that of
experts, by whom he at most proved that the clamp would
not have broken unless in some way defective and that the
defect which occasioned the break might have arisen from
one of several causes, no one of which was proved to have
existed.    Nor was it proved that the defendant knew or with
reasonable diligence might have ascertained the supposed
defect.    Upon that state of the evidence the court dismissed
the plaintiff's complaint upon the ground that he had failed to
show any negligence on the part of the defendant.    The judg-
ment entered upon such dismissal was reversed by the Appel-
late Division by a divided court.    We think the trial judge
was right and that the reversal by the Appellate Division was
not justified.    A perusal of the evidence shows that the only
proof relied upon by the plaintiff to establish the defendant's
negligence was the mere speculations or conjecture of experts,
with no sufficient proof upon which to base them.    It is well
established by the decisions of this court that parties may not
enter the "realm of conjecture" and ask that a jury, in the
absence of proof, may be allowed to guess that there was
negligence on the part of a defendant.    To entitle the plaintiff
to recover in this case it was necessary for him to establish by a
fair preponderance of competent evidence that the accident
which caused his injury was occasioned by the omission of

the defendant to discharge some duty which rested upon him. This we think he failed to do, and that the disposition of the case by the trial court was proper and should have been sustained.

We have patiently wandered through the maze of objections and exceptions contained in the record, but have found none which justified the learned Appellate Division in reversing the action of the trial court.

The order of the Appellate Division should be reversed and the judgment entered upon the decision of the Trial Term affirmed, with costs in all the courts.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Ordered accordingly.