JOHN MORAN, Respondent, *v.* MUNSON STEAMSHIP LINE, Appellant.

*Negligence — injury from the fall of a Burton spar used in unloading a vessel — the principle of res ipsa loquitur held not to apply — under what circumstances the steamship line is not liable.*

In an action by a longshoreman employed by a steamship company, to recover damages from the steamship company for personal injuries sustained by him in consequence of the falling of a temporary appliance called a Burton spar, used in the work of unloading the defendant's steamship, it appeared that the Burton spar was erected by the servants of the steamship company with materials selected by them from a quantity furnished by the steamship company.

*Held,* that before the maxim of *res ipsa loquitur* could apply to the accident, the facts and attendant circumstances must be such as to point to some act of omission or commission in violation of the legal obligation due from master to servant;

That if it appeared that there was no defect in the spar or its attachments, or a defect so slight as to have been unknown to a vigilant master and impossible of detection by due inspection, or that the accident was due to the temporary impairment of the materials used in the erection of the spar caused by their constant use, and that such defect could have been easily remedied by the servants in the line of their duty out of the materials at hand, or that the accident was due to the manner in which the servants set up the contrivance out of proper materials, or was due to the negligence of the plaintiff's fellow-servants, the defendant was not liable.

APPEAL by the defendant, the Munson Steamship Line, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 22d day of May, 1902, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the 26th day of May, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Charles C. Nadal,* for the appellant.

*Thomas F. Magner,* for the respondent.

JENKS, J. :

I think that the plaintiff has not made out a case. The action is by a servant against his master for negligence. The plaintiff, a longshore-

SECOND DEPARTMENT, APRIL TERM, 1903.          [Vol. 82.

man, while working at a hatchway of defendant's ship, was struck by a falling spar called a Burton spar, a contrivance used and then in use in the work of unloading a ship of the defendant. The complaint is that the defendant failed to supply suitable means and appliances for the plaintiff's work, negligently erected the spar and the derrick to which it was attached, provided defective appliances for securing the same, and was otherwise negligent.

*First.* I think that the maxim of *res ipsa loquitur* does not apply. The question is whether the fact of the casualty and the attendant circumstances are enough to furnish the necessary proof of actionable negligence. (*Griffen* v. *Manice*, 166 N. Y. 188.) "The traversable or principal fact in issue (was) the defendant's negligence." (CULLEN, J., in *Griffen* v. *Manice, supra.*) The evidence clearly indicates that the Burton spar was but a temporary contrivance rigged when required as an adjunct to the unloading tackle of the ship, and set up by the servants out of material selected by them from a number of materials furnished by the master. Indeed, the temporary character and special purpose of the spar is conceded in the record. The question in this case is not whether the fall of such a contrivance, when in use by the servants of the master, is sufficient evidence of negligence, but whether it is sufficient evidence of negligence of the master. Hence, I think that before the maxim of *res ipsa loquitur* can apply, the facts and the attendant circumstances must be such as to point to some omission or commission in violation of the legal obligation due from master to servant. (*Fink* v. *Slade*, 66 App. Div. 105; *Hubener* v. *Heide*, 73 id. 200, 206.) For aught that appears from the factum and the surrounding circumstances, there may have been no defect in the spar or its attachments, or, if a defect, one so latent as to have been unknown to a vigilant master, and impossible of detection by due inspection. (*Carlson* v. *P. B. Co.*, 132 N. Y. 273.) Again, the accident may have been due to the temporary impairment of materials by the then constant use, easily remedied by the servants out of materials at hand and in the line of their duty, or due to the manner in which the servants set up the contrivance out of proper materials, or due to the negligence of fellow-servants and thus no liability be imputable to the master. (*Yaw* v. *Whitmore*, 46 App. Div. 422; affd., 167 N. Y. 605; *Hudson* v. *Ocean Steamship Co.*, 110 id. 625;

*Kimmer* v. *Weber*, 151 id. 417 ; *McCampbell* v. *C. S. Co.*, 144 id. 552.)

*Second.* I think that there was not sufficient evidence of the cause of the accident to permit the jury reasonably to conclude that there was negligence of the defendant. The law requires such evidence. (*Morris* v. *Railway Co.*, 148 N. Y. 182 ; *Welsh* v. *Cornell*, 168 id. 508.) The only testimony offered by the plaintiff, supposed to be explanatory of the accident, is that of Mr. Healy. He testified : "Now, this Burton spar is made fast up against the inside of the vessel's rail, projecting over the dock and here is the guy from the peak of that spar goes off shore on the vessel's side, made fast to it, coming around that way, see — not this way — come around that way above and with the surging of the stick, consequently the wire stay wore off. I seen that." "I seen that" refers to the construction and not to the cause of the accident. That is apparent from his further testimony, as follows : "I have told you what the position of that guy was with reference to the foremast. And that was all I saw about it. I simply saw it in position. I was not near enough to the guy to see whether or not it was worn. I never did see or notice that that guy was worn in any way. I don't know what caused the spar to fall." He also testified that he did not see any chafing of the wire (guy) against the mast or even that it moved up and down. There is no evidence showing or tending to show any defect in contrivance or material or the lack of due inspection, or the failure to furnish abundant and suitable materials for selection, or the failure to supply competent and skillful workmen ; while, on the other hand, there is evidence that there was no defect, that there was daily inspection and that plenty of materials were sent out after due inspection by the master for the setting up of this Burton spar.

The judgment and order should be reversed and a new trial granted.

BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.