### GRIFFIN v. FLANK.

(Supreme Court, Appellate Term.     October 27, 1905.)

MASTER AND SERVANT—INJURY TO EMPLOYÉ—NEGLIGENCE—RES IPSA LOQUITUR.
    An employé, injured by a nut on the end of a shaft in some way coming
    loose, allowing a pulley to fall on her, does not make out a prima facie
    case, under the rule of res ipsa loquitur; the attendant circumstances not
    suggesting the employer had failed in any duty owing the employé.
    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Serv-
    ant, §§ 881, 884.]

Appeal from City Court of New York, Trial Term.

Action by Katherine Griffin against Michael L. Flank. From a
judgment on a verdict for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGER-
ALD, JJ.

David Steckler, for appellant.
Wellman & Gooch, for respondent.

SCOTT, P. J. The plaintiff, an employé of defendant, was in-
jured in consequence of the fall of a pulley from a shaft over her head.
The pulley was upon a shaft, and a belt or band ran upon it, and there-
by communicated power to the machine at which plaintiff worked.
There was no evidence as to what caused the pulley to slip off the end
of the shaft, although it seems to have been conceded by both parties
that in some way a nut on the end of the shaft had become loosened.
The complaint alleges that the shafting and fly wheel or pulley and the
equipments and attachments thereto were defective, weak, old, rusted,
and rotten, and unfit for the purposes for which they were used. The
evidence showed that the precise contrary was the fact. There being
no evidence of any negligent act or omission on the part of the de-
fendant, the learned court applied the rule of res ipsa loquitur, and
charged the jury that plaintiff had made out a prima facie case of
negligence by simply proving that the wheel fell from the shaft and
struck her.

In this we consider that error was committed. As has frequently
been pointed out, the rule applied by the court below is merely a rule
of evidence, and is to be applied only where the evidence of the at-
tendant circumstances, coupled with the fact that an accident hap-
pened, is sufficient to raise an inference of negligence without definite
proof of any specific act. Griffen v. Manice, 166 N. Y. 188, 59 N. E.
925, 52 L. R. A. 922, 82 Am. St. Rep. 630; Fink v. Slade, 66 App.
Div. 105, 72 N. Y. Supp. 821; Moran v. Munson Steamship Line, 82
App. Div. 489, 81 N. Y. Supp. 612. In the present case there was
absolutely nothing in the attendant circumstances to suggest that de-
fendant had failed in any duty which he owed to plaintiff. The ma-
chinery was new, had been purchased from and set up by an experi-
enced manufacturer, was of an approved pattern in general use, and de-
fendant had provided an employé whose especial duty it was to
frequently inspect the shafting and tighten any nuts which might have
become loosened. As the facts were disclosed by the evidence, there
was no room for the application of the rule invoked by the court. Since

this error was fundamental, there being no evidence of negligence, if the fact that the pulley fell was not in itself such evidence, it follows that the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.   All concur.