(112 App. Div. 367)

### AGRESTA v. STEVENSON et al.

(Supreme Court, Appellate Division, Second Department. April 27, 1906.)

MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE OF FOREMAN.

Where there was an adequate supply of good rope which could have been used in hanging a skid from the side of a vessel, the use of a defective piece did not render the master liable for the death of a servant who was working on the skid, caused by the breaking of the defective rope.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 572.]

Appeal from Trial Term, Kings County.

Action by Anna Agresta, as administratrix of Gaetano Agresta, deceased, against William Stevenson and another. From a judgment for plaintiff, and an order denying a motion for a new trial, defendants appeal. Judgment and order reversed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

H. Snowden Marshall, for appellants.
Henry A. Powell, for respondent.

HIRSCHBERG, P. J.   This action is brought to recover damages for the death of the plaintiff's decedent, alleged to have been caused by the negligence of the defendants. The defendants were stevedores, engaged in the unloading of a steamship in the harbor of New York. A lighter was moored at the side of the vessel, and the defendants at the time of the accident were transferring ballast from the steamship to the lighter. In the performance of the work the ballast was brought up from the hold of the vessel, and conveyed upon wheelbarrows along a skid or platform hung at the vessel's side between the vessel and the lighter, and dumped by the workmen into the lighter. The plaintiff's intestate was engaged in wheeling one of the wheelbarrows, and while he was so occupied one of the ropes by which the skid was suspended broke, and he was thrown into the water and drowned. The action was not brought under Employers' Liability Act, Laws 1902, c. 600, p. 1748. The case was submitted to the jury upon the theory that the skid was a place to work on, in the sense which would make it the duty of the master to render it safe to the extent that he would be responsible for the negligence of the servant to whom the task of preparing it was delegated.

There is evidence which would justify the conclusion that the work of hanging the skid was in charge of the defendants' foreman, and it may be conceded that a finding of negligence on his part could be supported by the evidence. It appears that there was plenty of good rope under the foreman's control, and that if a defective rope was selected it was the result either of an error of judgment or of negligence on his part. At the time of the trial, the decision of this court in Vogel v. American Bridge Co., 88 App. Div. 68, 84 N. Y. Supp. 799, was the law. It was held there that the foreman, in the circumstances stated, was the alter ego of the master, and that the latter could be held liable for a personal injury sustained by one of his employés in consequence of the breaking of a rope negligently used by such foreman. That case, however, has been recently reversed by the Court of Appeals (180 N. Y. 373, 73 N. E. 1, 70 L. R. A. 725), and the logic of the reversal is to the effect that the selection of an unsafe rope, where an adequate and proper supply has been furnished, is a detail of the work, and that neither an error of judgment nor negligence in the selection is sufficient to charge the employer with liability, notwithstanding the delinquency may be that of a foreman in charge. It is true that in the case at bar the plaintiff's intestate was working upon the skid when the rope broke, and the skid was literally furnished to him as a place to work upon; while in the Vogel Case the rope which broke was used in raising a truss which was being elevated to its place in the structure above the person of the injured workman. The distinction, however, cannot be deemed controlling in view of the decision of the Court of Appeals in McCampbell v. C. S. Co., 144 N. Y. 552, 39 N. E. 637. In that case the accident occurred while the plaintiff was unloading a steamer upon a skid extending from the vessel to the dock, and the accident occurred because the "mouthpiece," so called, by which the skid was fastened to the dock, was not securely tied. It was held that, if the work of securing the skid was improperly done, it was the negligent

act of the plaintiff's co-employés, and that there could be no recovery therefor. To the same effect in Hudson v. Ocean Steamship Co., 110 N. Y. 625, 17 N. E. 342. There the plaintiff, while helping to load a vessel, was precipitated into the water by the falling of a skid over which he was carrying freight. The fault which caused the accident was an omission to have the fastenings of the skid secure, and a dismissal of the complaint was sustained upon the ground that the negligence was that of fellow servants.

The learned trial justice charged the jury in this case that the defendants could not be held liable for an error of judgment of their servant, to whom the selection of the rope which broke was committed, but he further charged, in substance, that the duty of furnishing the skid as a reasonably safe place for the plaintiff's intestate to work was a duty of the defendants, which they could not delegate to others, and that if they did so delegate it, and the duty was negligently performed, the defendants were responsible therefor. He further charged that the act of the foreman in the premises was the same as the act of the master, to be tested by the rule which enjoins the exercise of reasonable care, and that the jury were to apply that rule to the act of the foreman the same as they would do if it had been the act of the master personally. This necessarily excluded all question of immunity on the part of the defendants afforded by the negligence of the co-servants of the plaintiff's decedent, and, under the authorities cited, would appear to be error.

The judgment and order must be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.