### NIGRO v. WILLSON et al.

#### (Supreme Court, Appellate Term. June 1, 1906.)

NEGLIGENCE—PERSONAL INJURIES—EVIDENCE—RES IPSA LOQUITUR.

Where, in an action for injuries received by plaintiff through the falling on him of a pile of lumber in defendant's yard where plaintiff was engaged in loading lumber on a truck, no reason was given for the fall of the lumber, defendant's foreman testifying that the pile that fell was piled in the usual and customary manner, that a few minutes prior to the fall, it was in proper shape, three witnesses, corroborating him in his testimony, and plaintiff's two witnesses, who were engaged with him in loading lumber when the accident happened giving no testimony as to any improper piling of the lumber, the presumption raised by the application of the doctrine of res ipsa loquitur, assuming that the same applied, was overcome by defendant's evidence.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Luigi Nigro against Charles H. Willson and others. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, they appeal. Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Frank Verner Johnson, for appellants.

Raymond Cotte, for respondent.

GILDERSLEEVE, J. The plaintiff recovered a judgment herein for the sum of $250 for injuries received by reason of the fall upon him of a pile of lumber owned by the defendant. At the time of the injury the plaintiff was engaged in taking lumber from a pile in defendants' yard and loading it upon a truck. While doing this work another pile of lumber standing a short distance from where the plaintiff was at work fell and some of the pieces struck the plaintiff causing the injuries complained of. The cause of the fall of the pile was entirely unknown, and no reason for it is given. The court charged the jury that the doctrine of res ipsa loquitur did not apply, but if we assume that it did, which is the most favorable view to the plaintiff that can obtain, we think that the presumption which the application

of that doctrine would raise, as to negligence on the part of the defendants was successfully met and overcome by the testimony on the part of the defendants. The defendants' foreman described the usual method of piling lumber and stated that the pile that fell was piled in the manner usual and customary. This witness saw the pile a few minutes prior to the fall, and it was then in proper shape. In this testimony he was corroborated by at least three witnesses. Although the plaintiff called two witnesses who were engaged with him in loading lumber when the accident happened, and who had been engaged in working in and about the yard for a long time previous to the day of the accident, but no testimony as to any improper piling of the lumber was adduced from them. As the evidence stands nothing but the mere happening of the accident is shown, and this is not sufficient. Papazian v. Baumgartner (Sup.) 97 N. Y. Supp. 399; Griffin v. Flank (Sup.) 95 Supp. 546.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.