## NICHOLS *v.* CENTRAL TRUST COMPANY ET AL., RECEIVERS.

[No. 6,339. Filed January 8, 1909.]

1. APPEAL.—*Bills of Exceptions.—Time for Filing.—Statutes.*— Courts have no power, except that given by statute, to grant time beyond the term for the filing of a bill of exceptions. p. 66.

2. APPEAL.—*Bills of Exceptions.—Time for Filing.—Extensions.*— Where a judge granted time beyond the term for the filing of a bill of exceptions and such period expired without the filing thereof, the judge has no jurisdiction afterward, even by consent of the parties, to extend such time, the statute (§661 Burns 1908, Acts 1905, p. 45) requiring an application for extension of time within which to file a bill of exceptions, to be made "prior to the expiration of the time first given." p. 66.

3. PLEADING.—*Complaint.—Amendments to Conform to Proof.—Requirements of Motion.—Evidence.*—A motion to amend the complaint to make it conform to the proof should state the reasons therefor, or a bill of exceptions should show the reasons given orally to the trial court, in the absence of which the Appellate Court cannot properly review the ruling thereon. p. 67.

4. PLEADING.—*Amendments.—Written.—How Made Part of Record.* —A motion to amend a complaint, under §662 Burns 1908, Acts 1903, p. 338, §2, must be made in writing, and is a part of the record with or without a bill of exceptions. p. 67.

5. MASTER AND SERVANT.—*Unsafe Ways, Works and Machinery.— Negligence.—Accident.*—A servant, to recover against his master for negligence in maintaining unsafe machinery must prove some defect therein from which an injury might have been anticipated, and from which the injury proceeded. p. 68.

6. TRIAL.—*Instructions.—When Shown Harmless by Interrogatories to Jury.*—Where the answers to the interrogatories to the jury show that the result on the facts could not have been different, error in giving instructions is harmless. p. 69.

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Action by Earl O. Nichols against the Central Trust Company and Henry J. Martin, as receivers of the Indianapolis Drop Forging Company. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Charles B. Clarke, Walter C. Clarke* and *A. J. Shelby,* for appellant.

*Charles W. Smith, John S. Duncan, Henry H. Hornbrook* and *Albert P. Smith,* for appellees.

MYERS, J.—The appellant brought his action against the appellees as receivers of the Indianapolis Drop Forging Company to recover damages for a personal injury incurred by the appellant while engaged in operating certain machinery in the service of the appellees.

The action was commenced in the Superior Court of Marion County, and the complaint consisted originally of a single paragraph. After a trial and the granting of a new trial the venue was changed to the Boone Circuit Court, where two additional paragraphs of complaint were filed. An answer of general denial to each paragraph of the complaint formed the issues submitted to a jury for trial, resulting in a general verdict for appellees, and with the general verdict the jury returned answers to fifty-eight interrogatories. From a judgment in favor of appellees, appellant appeals, and here complains of the action of the lower court in refusing to allow an amendment to the third paragraph of the complaint, in overruling his motion for a new trial, and in overruling his petition for additional time in which to file a bill of exceptions containing the evidence.

The first and second paragraphs of the complaint proceed upon the theory that the machine in question, a drop hammer, by long use had become weak and defective; that the appellees, upon complaint of the appellant, promised to repair the machine, and ordered the appellant to proceed with his work, but the appellees negligently failed to repair the machine. The third paragraph proceeded upon the theory that the appellees violated the statutory duty to guard the machinery.

It will be proper first to determine whether the evidence is in the record. At the April term of the trial court, June 30,

1906, appellant's motion for a new trial was overruled, and the court then gave sixty days in which to file a bill of exceptions, and thereupon rendered final judgment upon the verdict. At the September term of the court, September 13, 1906, appellant was permitted to file his petition for an extension of time for the filing of a bill of exceptions. This petition was overruled. The appellant on September 14, 1906, tendered to the court his bill of exceptions number two containing the evidence, which on that day was signed by the court and filed.

The court had no authority, except as granted by the statute, to give time extending beyond the term for the presentation of the bill of exceptions. This special power must be granted at the time of the rulings excepted to or at the time of the ruling upon the motion for a new trial, which carries the rulings of the court assigned as causes for a new trial and the exceptions thereto forward to the time of the ruling on such motion. *Citizens St. R. Co.* v. *Marvil* (1903), 161 Ind. 506. When the time beyond the term has expired there is no authority to extend the time. The court or judge has then no jurisdiction over the subject-matter, and cannot be given such jurisdiction by the agreement of the parties. The signing of a bill presented after the expiration of the time granted extending beyond the term gives no vitality to the bill. *Lengelsen* v. *McGregor* (1904), 162 Ind. 258, and cases there cited; *City of Huntington* v. *Boyd* (1900), 25 Ind. App. 250. By the act of April 15, 1905 (Acts 1905, p. 45, §661 Burns 1908), provision is made for extending the time given for filing a bill of exceptions, with a proviso that the application for such extension "must be made prior to the expiration of the time first given." In the case at bar the time first given had expired before the application for extension was made or any bill containing the evidence was presented. There was no error in overruling the application for extension, and, the presentation of the bill being

after the expiration of the time granted beyond the term, the signature of the judge and the filing of the so-called bill could not make it effective for the want of a compliance with the statute. Therefore the evidence is not properly in the record.

During the progress of the trial, as stated in bill of exceptions number one in the transcript, the appellant moved to be allowed to amend the third paragraph of his complaint by inserting in line fifty-four of said paragraph, after the words "board and hammer head," the words "ways and uprights," to which motion the defendant at the time objected, and the court, sustaining said objection, refused to allow said amendment to be made. No ground for the application to amend appears by the record to have been suggested to the court below, but we are told in appellant's brief that the proposed amendment was to make the complaint conform to the facts as they had been or could be established by proof, and reference is made by counsel to what is by them claimed to be a rule of practice where there is merely what is termed a variance between the allegations and the proof by the party having the burden of proof. In the absence of the evidence we cannot assume, against the action of the trial court, that there was such proof or offer of proof as would have made the allowance of the proposed amendment obligatory upon the court, nor can we, in the condition of the record before us, say that the reason for the amendment urged here, or any reason, was suggested to the trial court. This should have been done. *Borror* v. *Carrier* (1905), 34 Ind. App. 353, 372. It is our province to review decisions of the court below, for which purpose we must be informed as to the basis on which it acted. Furthermore, by the act of April 23, 1903 (Acts 1903, p. 338, §2, §662 Burns 1908), it is provided "that every motion to insert new matter or to strike out any part or parts of any pleading, deposition, report or other paper in the cause shall be made in writing and

shall set forth the words sought to be inserted or stricken out." It was said in *Crystal Ice Co.* v. *Morris* (1903), 160 Ind. 651, that the rule prescribed by this statute is mandatory, and that "such motion cannot be made in any other manner after the taking effect of said act." Motions which may properly be made orally may be a part of the record without a bill of exceptions, as may motions in writing. Acts 1903, p. 338, §3, §663 Burns 1908. But when, as here, a motion which by imperative requirements of statute must be in writing is not shown to have been so made, it will not be sufficient to state it in a bill of exceptions, nor can it be held that the court erred in overruling it. The fact that the motion was oral would of itself be sufficient reason for overruling it.

The appellant has criticized many of the instructions given by the court to the jury. The jury, by answers to interrogatories, specially found, amongst other things, that there was nothing in the condition of the drop hammer, at which the appellant was employed at and immediately prior to the time of his receiving the injuries complained of, that would lead a person of ordinary prudence and sagacity, and familiar with the operations of such hammer to suppose that there was any danger of the hammer head's falling at the time it did fall; that the falling of the hammer at the time it fell and injured the appellant was a pure accident not reasonably to be expected by any person, and that the fact was not established by the evidence introduced as to what caused the hammer in question to fall upon the appellant.

It was said in *Wabash, etc., R. Co.* v. *Locke* (1887), 112 Ind. 404, 411, 2 Am. St. 193: "Where an event takes place, the real cause of which cannot be traced, or is at least not apparent, it ordinarily belongs to that class of occurrences which are designated as purely accidental; and in a case like this, where the plaintiff asserts negligence, he must show

enough to exclude the case from the class of accidental occurrences."

The business being lawful, it was necessary to a recovery for negligence that there should have been proved some defect from which injury might have been anticipated, and from which the injury in question proceeded. *Welsh* v. *Cornell* (1901), 168 N. Y. 508, 61 N. E. 891; *Bennett* v. *Ford* (1874), 47 Ind. 264, 271; *Connor* v. *Citizens St. R. Co.* (1896), 146 Ind. 430, 437; 5 Thompson, Negligence (2d ed.), §5358; 6 Thompson, Negligence (2d ed.), §§7640, 7917.

The special findings of the jury stand as facts established by the evidence and unquestioned here. They showed a condition which made it impossible to render properly a general verdict in favor of the appellant. Under such circumstances it seems useless to take space for a discussion of the appellant's criticisms upon a long series of instructions, none of which could work a reversal, the only result possible having been arrived at by the jury in the general verdict. When the general verdict and answers to interrogatories submitted by the court and returned with the general verdict, show that the complaining party was not injured by an instruction given, error in such instruction will be deemed harmless and will furnish no ground for reversal. *Roush* v. *Roush* (1900), 154 Ind. 562, and cases cited; *Ellis* v. *City of Hammond* (1901), 157 Ind. 267; *Muncie Pulp Co.* v. *Hacker* (1906), 37 Ind. App. 194; *Indianapolis St. R. Co.* v. *Brown* (1904), 32 Ind. App. 130. When the answers of the jury to such interrogatories affirmatively show that the general verdict was right, the judgment will not be reversed because of the giving of erroneous instructions. *Ellis* v. *City of Hammond, supra.*

Judgment affirmed.