ELLEN CONDRAN, as Administratrix of the Estate of MICHAEL F. CONDRAN, Deceased, Respondent, *v.* PARK & TILFORD, Appellant.

Negligence — cause of accident — erroneous charge that specific defect causing accident need not be pointed out.

Where there was only one defect to which an accident can be attributed and the rule *res ipsa loquitur* was not applied, it was error to charge the jury that "it is not necessary to point out the specific defect, but the accident must be one which is practically inconsistent with any theory except that it occurred through one of the defects."

*Condran* v. *Park & Tilford*, 159 App. Div. 900, reversed.

(Argued December 3, 1914; decided January 5, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 18, 1913, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank Verner Johnson* and *Amos H. Stephens* for appellant. The deceased undertook to repair a defective

condition of this elevator, which was wholly outside the scope of his employment and contrary to the orders of his superior. This undertaking involved unusual risks and dangers, of which he was or should have been aware, but of which his employer had no notice. Under such circumstances his representatives may not be heard to complain if injury resulted therefrom. (*McCue* v. *Nat. S. Mfg. Co.*, 142 N. Y. 106; *Sann* v. *H. W. Johns Mfg. Co.*, 16 App. Div. 252; *Kindorf* v. *Hoellerer*, 87 App. Div. 628; *Sheehan* v. *Standard Gas Light Co.*, 87 App. Div. 174; *Jackson* v. *Greene*, 201 N. Y. 76; *Wittgren* v. *Wells Bros. Co.*, 141 App. Div. 693; *Thompson* v. *Cary Mfg. Co.*, 62 App. Div. 279.) It was not shown that the fall of the elevator in question was in any way occasioned by any of the defects specified in the pleadings, or by any defect shown to have existed prior to the happening of the accident. (*Stackpole* v. *Wray*, 99 App. Div. 262; 182 N. Y. 567; *Dougherty* v. *Milliken*, 163 N. Y. 527, 532; *Schlappendorf* v. *American R. T. Co.*, 142 App. Div. 554; *Fink* v. *Slade*, 66 App. Div. 105; *Welsh* v. *Cornell*, 168 N. Y. 508; *Young* v. *Mason Stable Co.*, 193 N. Y. 188; *Hart* v. *Naumburg*, 123 N. Y. 641; *Bucher* v. *Pryibil*, 19 App. Div. 126; *Biddiscomb* v. *Cameron*, 35 App. Div. 561; 161 N. Y. 637; *Montgomery* v. *Bloomingdale*, 34 App. Div. 375.) Even if the proof offered on behalf of the plaintiff had established a *prima facie* case against the defendant within the allegations of the complaint, the jury were improperly and incorrectly instructed with respect thereto, and exceptions taken by the defendant to the instructions given and refusal to instruct as requested present reversible error. (*Starer* v. *Stern*, 100 App. Div. 393; *Dobbins* v. *Brown*, 119 N. Y. 188; *Grant* v. *Penn. & N. Y. C. & R. Co.*, 133 N. Y. 657; *Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90.)

*Harry E. Herman, Frederick L. Guggenheimer* and *Arthur O. Ernst* for respondent. A very clear case of

negligence on the part of the defendant, which resulted in the accident causing the death of plaintiff's intestate, was presented to the jury, and was submitted to them under careful and correct instructions. (*O'Keefe* v. *G. N. El. Co.*, 105 App. Div. 8; *Peck* v. *N. Y. C. & H. R. R. R. Co.*, 165 N. Y. 347; *Robinson* v. *C. Gas Co.*, 194 N. Y. 37; *Griffen* v. *Manice*, 166 N. Y. 188; *Bogendoerfer* v. *Jacobs*, 97 App. Div. 355; *Grifhahn* v. *Kreizer*, 62 App. Div. 413; 171 N. Y. 661; *Hubener* v. *Heide*, 62 App. Div. 368.)

Cardozo, J.    The plaintiff's intestate lost his life in the same accident that caused the death of James Condran, his brother.    In the action brought to recover damages for the death of James we have stated the facts, and need not now repeat them.    We hold here, as we held there, that the overlapping cables created a dangerous condition from which the jury had the right to infer the negligence of the defendant.    It seems fairly certain that if it had not been for this condition, the accident would not have happened.    The refusal to dismiss the complaint was, therefore, proper.

Many of the defects which in the other action were erroneously submitted to the jury as evidence of the defendant's fault were excluded from the jury's consideration in the case at bar.    We think, however, that there was no evidence from which an inference could fairly be drawn that the fall of the elevator was due to some intrinsic defect in the cables, irrespective of their tendency to leave the grooves of the drum, and that the refusal to say this to the jury was error.    A witness for the plaintiff characterized the cables as threadbare, worn and shiny.    This statement referred to their condition at the point of breakage, after the strands had separated and the car had fallen.    There is no evidence that any signs of wear were visible before the accident, and no evidence that, if visible, they were sufficient to indicate that the strength

of the strands had been impaired. The cables, after slipping from the grooves, were caught between the drum and the shaft, and, in the words of a witness, were "chewed up, and jammed and injured." We have no right to infer from their condition at that time, after all these things had happened to them, that a like condition existed or was visible before (*Welsh* v. *Cornell,* 168 N. Y. 508). There is no suggestion in this record that the cables had been observed before the car fell, and had been then found to be "raveled." The obscure reference to such a condition which we have pointed out in the other case is lacking in the case at bar. It is true that some words in the testimony of the witness Lynch are construed by the plaintiff's counsel as descriptive of the cables, not merely at the point of breakage, but through their entire length. We do not think the testimony will fairly bear that construction. At best it is too vague and uncertain to supply a basis for a verdict. The jury, therefore, had no right to say that because other cables were not furnished the defendant was at fault.

It was important that the acts or omissions from which negligence might be inferred should be accurately defined. It was the more important because other statements in the charge must have led the jury to believe that any one of several grounds of liability might be found to have been established. The trial judge told them that they must not guess about the causes of the accident, but he added: "By that I do not mean that you are bound to find exactly how this accident occurred, because the proof does not show exactly how the accident occurred; and if that were a necessary element for you to find, I would be obliged to dismiss the complaint." He put this thought before the jury in various forms. Almost his final words were these: "It is not necessary to point out the specific defect, but the accident must be one which is practically inconsistent with any theory except that it occurred through one of the defects." On the other hand, he did

not submit the case to the jury as one for the application of the maxim *res ipsa loquitur*. He told them that negligence was not to be presumed from the nature of the accident. He held that the plaintiff must prove some defect in the appliances, but that the defect might be one of several. It may be true that if there were two or more defects for which the defendant was responsible, the jury could find a verdict for the plaintiff if satisfied from the evidence that one of the defects caused the disaster, even though uncertain which one of them it was. To make such instructions proper, however, there must have been more than one defect to which the accident could be attributed. We think this record discloses but one, and hence that the instructions were erroneous.

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, CUDDEBACK and MILLER, JJ., concur.

Judgment reversed, etc.